## IN THE CIRCUIT COURT
## TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

FELIX BRIM, ERIC HUDSON, KURT
WILLIAMS, KEVIN SIMON, BENNIE
LARK, CECIL LITTLETON, LEROY
MOORE, MICHAEL HOLLINS,
REGINALD HAWKINS, STEVENSON
HAMM, KEN SALLEE, RONNIE
EPPERSON, RONALD PURDOM,
CHARLIE HARRIS, CARL ISAAC,
TERRY ALEXANDER, JOSHUA
DAVENPORT, THADDEUS GRIFFIN,
LESHURN RUCKER, PRENTIS MYREE,
REGINALD HILL, KENNETH
HOLLOMAN JR., JERRY DANTZLER,
DAVID RUFFIN, STEVEN WHEELER,
WILLIE COTTON, RICH SIKES, CARL
GRAY, ANTHONY RANDALL, JOHN
WALKER, MICHAEL JAFFE, SAM
FEASTER, ROBERT TERRELL, ERIC
WILLIAMS, RONALD HACKETT, EDDIE
ADCOCK, TODD GRIFFIN, MARLON
JUDGE, RONALD BARNES, ALAN
BLAKE, CHARLES BARNES, CHARLES
WATSON, MICHAEL HARRIS,
ANTHONY HAMILTON, MICHAEL
TROBOUGH, RAYMOND UPCHURCH,
DEWAYNE NEAL, MICHAEL
WHITAKER, MICHAEL LAWS, JOSEPH
ROBERTSON, DEWAYNE SLAPPY,
KEVIN YOUNG, ANTIONE SHAW,
WALTER BILLUPS, KENNY BARONE,
KEITH WILLIAMS, LLOYD JOHNSON,
GREGORY JOHNSON, DONALD
HASTEN, STANLEY BROWN, A. C.
MOFFETT, BILL SUTTON, RAYGON
LAW, RICHARD BOYD, DAROLD
BAILEY, SHAWN DALTON, HERMAN
ANDERSON, JAMES DAVIES, VAN
CARTER, RICARDO BELTRAN, DAVID
BOOSE, LANZELL WALKER, CORRIE
WALLACE, WILLIAM LITTLE,
FRANKLIN DENBY, JOSEPH GORDON,
KEVIN SMITH, MIKE NARCISSE,
DAVID MOSS, JOHN ROBINSON,
DONTE GILMORE, FREDRICK

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 16 L 299

JURY TRIAL DEMANDED



FILED
ST. CLAIR COUNTY
JUN 0 9 2016
CIRCUIT CLERK
32

1

DANIELS, ANTONIO TURNER,                    )
BENJAMIN CHAPLIN, DANA                      )
LINDQUIST, WILLIAM HAWTHORNE,               )
HENRY NAVARRO, MARLON WALKER,               )
CRAIG CANNON, LEE JOHNSON, PAUL             )
REYNOLDS, MARK LEE, WILL                    )
BAGGETT, JASON ULMER, WALTER                )
RANDLE, RICHARD KLEEGE, SYLVIA              )
YOUNG, LARRY HAWKINS, DONNIE                )
WOODEN, KARL MCALISTER, BRIAN               )
COSTNER, CLINTON BLAKE JR.,                 )
VINCENT ANGLEBRANDT, MELVIN                 )
TODD, GEORGE FRIENDLY, RICHARD              )
HENDRICKS JR., ALPHONSO LESESNE,            )
LUIS ORTIZ, ROBERT PURNELL,                 )
JOHNNY HAYES, DAVID CALVERT,                )
BOBBY DOWELL, ANTOWINO                      )
JEFFERSON, LEONARD ROSS, JEFFERY            )
JACKSON, FERANDO GREEN, MARCUS              )
PARKER, ANTHONY BROWN SR., EARL             )
MARSHALL, CORION CHAPPELL,                  )
JAMICHAEL GARNER, WILLIE                    )
JOHNSON, DUANE GILMORE,                     )
KONTONI TURNER, CORINTHYN                   )
GLEATON, JAKE JAMES JR., JUAN               )
RIDEOUT, CARL CLARK, KEITH                  )
STURGIS, WILLIAM BRIGHTWELL,                )
WILLIAM FUTRELL, JOHN EVANS,                )
LARRY SIMS, CARL KELLEY, OC                 )
CRUDER, LARRY EDWARDS, JAMES                )
MCNEAL, PAUL OUTLAW, SHAUNE                 )
OATES, CLAYVIN THOMPKINS,                   )
JERALD DARLING, JOHN TAYLOR,                )
JOHN NELSON, JOSEPH DESROSIER,              )
CHRISTOPHER COLON, HERBERT                  )
MCKIE, STEVEN TENAGLIA, KIM                 )
DUNCAN, KEVIN QUINLAN, JOHN                 )
SCHULZ, C. W. ELSTON, FRANCIS               )
VEADER, JOHN HARVEY, MELVIN                 )
CARROLL, JAMES BOOKER, RAMON                )
EPPERSON, KENNETH GREGORY,                  )
ALBERTA SPANN, LARRY JONES,                 )
RICHARD BLUE, HANK SHARP,                   )
RONALD WILLIAMS, DARREN REALE,              )
DENNIS LEE, EDWIN ADAMS, ARTHUR             )
JOHNSON, RAPHAEL HUNTT, CURTIS              )
FERGUSON, GREGORY PRESSLEY,                 )
AUBREY JENKINS, M. C. LUCAS,                )

JEFFREY WILSON, JESSE HARTFIELD          )
JR., DEXTER CROOK, DONTE FULLER,         )
MIKE SPIVEY, JUAN CORRALES,              )
BIANCA ALLEN, MARCUS HOLLEN,             )
FREDDIE HUNT, DOUGLAS JOHNSON,           )
PAUL BESENTI, PAUL GIBSON,               )
DERRICK L. WILLIAMS, JOHN TATE,          )
ROBERT ENNIS, PAUL HESS, MARIO           )
FRAUSTO, DAVID GONZALES,                 )
DEGAMERINO BURKE, ANTHONY                )
CALABRESE, LANEAL BAKER,                 )
BERNARD SMITH, GARY TUTTLE, JOE          )
BROOKS, SHANNON WHITE, DONALD            )
PRESSLEY SR., DERRICK BIVENS,            )
KRISS WILLIAMS, MICHAEL ADKINS,          )
ROY SINGLETON, OSCAR STITT,              )
EDWARD BOWSER, SHATYRUS                  )
EURINGS, RONALD ROBINSON,                )
EUGENE FIFER, VINCENT DUNBAR,            )
EMANUEL WILSON, SAMMY PRICE,             )
FREDERICK MURRAY, DAVID                  )
LOCKETT, JOHN SEN, JEFFRIES TORO,        )
TROY THOMAS, KENNETH                     )
HITCHCOCK, HAROLD HAZARD,                )
JIMMIE TREVINO, CEDRIC WOODS,            )
ARTHUR BERGER, ROSS BOWENS,              )
MICHAEL CLARKE, DEONDRA                  )
BARNES, BEN ZASA, CHARLES                )
APPLEWHITE, EARL LYNCH, DAVID            )
DUNN, TYRONE SHORE, TROY                 )
MARTIN, LEON WASHINGTON, ALVIS           )
STARKEY SR., THOMAS CAMERON,             )
MICHAEL MAKEKAU, JOHN BONEAU,            )
SR., ROGER HERBIN, FLOYDELL              )
JACKSON, STANLEY PULLEY,                 )
MANUEL GRIFFIN, ANDREW REVADA            )
                                         )
                                         )
                    Plaintiffs,          )
            v.                           )
                                         )
COMBE INCORPORATED; COMBE                )
PRODUCTS, INC.; COMBE                     )
LABORATORIES, INC.; and                  )
COMBE INTERNATIONAL LTD                  )

                    Defendants.

## COMPLAINT

Plaintiffs, by and through their undersigned counsel, bring this action against Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International, LTD (collectively referred to as "Defendants") and allege as follows:

## NATURE OF THE ACTION

1.      This is an action for damages suffered by each individual Plaintiff as a direct and proximate result of the Defendants' negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of the hair care products and hair dyes known as Just For Men® and/or other Just For Men® branded products herein collectively referred to as Just For Men®.

2.      Just For Men® hair care products and dyes are manufactured and/or sold by Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LTD.

3.      At all times relevant hereto, Just For Men®  was designed, developed, manufactured, tested, packaged, promoted, marketed, distributed, labeled, and/or sold by the Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and/or Combe International LTD.

## PARTIES, JURISDICTION, AND VENUE

4.      Consistent with the Due Process Clauses of the Fifth and Fourteenth Amendments, this Court has in personam jurisdiction over the defendants because they are present in the State of Illinois such that requiring their appearance does not offend traditional notions of fair play and substantial justice.

5.      This Court has personal jurisdiction over the defendants because they have a

4

principal place of business located in Rantoul, Illinois and Defendant Combe Laboratories, Inc.
maintains a registered agent for service of process in the State of Illinois. Further, Defendants
engage in a continuous and systematic course of business in this State by designing,
manufacturing, testing, labeling, marketing, promoting, advertising, selling and distributing JFM
throughout the State of Illinois. On information and belief, Defendants' Just For Men® hair care
products and dyes are sold at hundreds of local and national retailers, including, but not limited
to Wal-Mart, Target, Walgreens, CVS, Schnuck's and Dierberg's, throughout the State of
Illinois. On information and belief, Defendants avail themselves of numerous advertising and
promotional materials regarding their defective products specifically intended to reach
consumers in Illinois, including but not limited to advertisements on local Illinois television
programs, advertisements on local Illinois radio broadcasts, advertisements on billboards in
Illinois, and advertisements in print publications delivered to consumers in the State of Illinois.

6.      Defendant Combe Laboratories Inc., can be served with process by serving their
Illinois registered agent, CT Corporation System, 208 So. LaSalle St., Suite 814, Chicago,
Illinois, 60604.

7.      This Court has personal jurisdiction over the defendants pursuant to Illinois' long-
arm statute, 735 ILCS 5/2-209, because, at all relevant times, defendants, acting through their
agents or apparent agents:

   a. transacted business within the State of Illinois, 735 ILCS 5/2-209(a)(1);
   b. committed a tortious act within the State of Illinois, 735 ILCS 5/2-209(a)(2)
   c. owned, used, or possessed real estate situated in the State of Illinois,   735   ILCS
      5/2-209(a)(3);
   d. made or performed a contract or promise substantially connected with the State of
      Illinois, 735 ILCS 5/2-209(a)(7);
   e. did business in and within the State of Illinois, 735 ILCS 5/2-209(b)(4).

8.      This Court's exercise of jurisdiction over Defendants is permitted by the Illinois
Constitution and the Constitution of the United States.

9.     Defendants marketed, promoted, and sold Just For Men® hair care products and dyes throughout the United States and the State of Illinois, including St. Clair County, Illinois. Accordingly, venue is proper in this Court pursuant to 735 ILCS 5/1-108 and 2-101 of the Illinois Code of Civil Procedure.

10.    Complete diversity of citizenship does not exist because multiple Plaintiffs are citizens and residents of the same state in which Defendants have located and maintain their principal place of business

11.    The amount in controversy exceeds fifty thousand dollars ($50,000.00), exclusive of interest and costs, the jurisdictional minimum of this Court.

12.    Defendant Combe Incorporated is a Delaware corporation which has its principle place of business at 1101 Westchester Ave., White Plains, New York 10604.

13.    At all times relevant hereto the Defendant Combe Incorporated was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

14.    Upon information and belief, at all relevant times, Defendant Combe Incorporated was present and doing business in the State of Illinois.

15.    At all relevant times, Defendant Combe Incorporated, transacted, solicited, and conducted business in the States of State of Illinois and derived substantial revenue from such business.

16.    At all times relevant hereto, Defendant Combe Incorporated expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

17.    Defendant Combe International LTD is a Delaware corporation which has its principal place of business at 1101 Westchester Ave., White Plains, New York 10604.

6

18.     At all times relevant hereto Defendant Combe International LTD was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

19.     Upon information and belief, at all relevant times, Defendant Combe International LTD was present and doing business in the State of Illinois.

20.     At all relevant times, Defendant Combe International LTD, transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

21.     At all times relevant hereto, Defendant Combe International LTD expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

22.     Defendant Combe Products, Inc. is a Delaware corporation which has its principle place of business at El Duque Industrial Park Carr, 971 Calle A, Naguabo, Puerto Rico 00718.

23.     At all times relevant hereto Defendant Combe Products, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

24.     Upon information and belief, at all relevant times, Defendant Combe Products, Inc. was present and doing business in the State of Illinois.

25.     At all relevant times, Defendant Combe Products, Inc. transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

26.     At all times relevant hereto, Defendant Combe Products, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

27.     Defendant Combe Laboratories, Inc. is a Delaware corporation which has its

7

principle place of business at 200 Shellhouse Dr., Rantoul, IL 61866.

28.     At all times relevant hereto, Defendant Combe Laboratories, Inc. was engaged in the business of designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling, and/or selling Just For Men® hair care and dye products.

29.     Upon information and belief, at all relevant times, Defendant Combe Laboratories, Inc. was present and doing business in the State of Illinois.

30.     At all relevant times, Defendant Combe Laboratories, Inc. transacted, solicited, and conducted business in the State of Illinois and derived substantial revenue from such business.

31.     At all times relevant hereto, Defendant Combe Laboratories, Inc. expected or should have expected that its acts would have consequences within the United States of America, and the State of Illinois in particular.

32.     Defendants Combe Incorporated, Combe Products, Inc., Combe Laboratories, Inc., and Combe International LTD shall herein be collectively referred to as "Defendants."

33.     At all times relevant hereto, Pierre Sanders, William Lattrell, Derrick Westbrook, George Sanford, Christopher Shaw, Jonathan Hall, Craig Lee, Stephen Lawson, John Rogers, Michael La Brier, and Ronald Bullock were residents of the State of Illinois.

## FACTUAL ALLEGATIONS

34.     Defendants developed, designed, formulated, manufactured, packaged, labeled, advertised, marketed, instructed on and warned about, distributed and sold Just For Men® hair care and dye products since at least 1987.

35.     Just For Men® is a cosmetic hair care dye intended to improve appearance and alter hair and facial hair color.

36.     Even if used as directed, Defendants failed to adequately warn against the

8

negative effects and risks associated with this product including, but not necessarily limited to, long term usage and the cumulative effects of long term usage, all discussed elsewhere in this Complaint.

37.     Defendants knew or should have known that Just For Men® products create an unnecessary risk of burns, scarring, allergic reactions, anaphylactic shock, skin depigmentation, and other severe injuries with use including, but not limited to, prolonged and cumulative usage.

38.     In omitting, concealing, and inadequately providing critical safety information regarding the use of Just For Men® in order to induce its purchase and use, Defendants engaged in and continue to engage in conduct likely to mislead consumers including Plaintiffs. This conduct is fraudulent, unfair, and unlawful.

39.     Defendants, the self-proclaimed "champions of facial hair," knew or should have known that Just For Men® created an increased risk of injury but Defendants failed to disclose to consumers, including Plaintiffs, the risk of injury, rates of adverse reaction, and other problems known to Defendants.

40.     Defendants boast that Just For Men® products are backed by "three decades of research and have delivered great results over 50 million times" despite the knowledge that thousands of consumers a year are severely and permanently injured by their Just For Men® products. Further, this statement is inaccurate, misleading, and not supported by any scientific facts or knowledge.

41.     Defendants knew or should have known that the chemicals in their Just For Men® products, including, but not limited to, p-Phenylenediamine (herein "PPD"), are associated with health risks yet, Defendants did not adequately warn consumers, including Plaintiffs.

42.     Just For Men® is permanent hair coloring which utilizes oxidation in the dying process.

9

43.     The EPA lists several links between PPD and several acute and chronic injuries including but not limited to:

    a.   Severe dermatitis;

    b.   Renal failure;

    c.   Acute Contact Dermatitis;

    d.   Vitiligo;

    e.   Convulsions and comas; and

    f.   Eczematoid contact dermatitis;

44.     Defendants fail to warn about several of the conditions listed in the preceding paragraph. To the extent there is any warning as to the conditions listed above, that warning is inadequate and improperly downplays the substantial risk posed by the product.

45.     A 2006 article published in the Journal of Toxicology and Environmental Health found a link in at least one study between hair dyes and certain cancers including bladder cancer, non-Hodgkin's lymphoma, and blood cancers such as myeloma and leukemia.

46.     In 2006, PPD was named allergen of the year by the American Contact Dermatitis Society.

47.     PPD is one of five substances listed as a "strong sensitizer" by the Consumer Product Safety Commission.

48.     As defined by 16 CFR 1500.13, "strong sensitizer" substances have a significant potential for causing hypersensitivity.

49.     Throughout Europe PPD is widely known as an "extreme sensitizer."

50.     Defendants place no restrictions concerning cumulative or repeated use of their products or PPD on their packaging despite the known risks of repeated exposure to their products and PPD.

51.     Defendants knew or should have known that more than 5% of the population will have an adverse reaction to PPD, yet, Defendants concealed and withheld this information from the public.

52.     PPD has been linked to severe and sudden allergic reactions including serious skin irritation, anaphylaxis and even death.

53.     Defendants do not properly warn consumers on their product labels, inserts, or marketing materials that PPD in Just For Men® Products can cause anaphylaxis and death.

54.     Defendants knew or should have known about the increased risk created by cumulative use, but Defendants failed to put instructions or warnings related to such use or the number of times a person could use their Just For Men® products safely.

55.     Although, consistent with 21 U.S.C. 361(a), Defendants instruct users to conduct a preliminary test to help determine whether a user will have an adverse reaction to Defendants' product, the preliminary test Defendants recommend and the directions and instructions for its administration are inadequate.

56.     Defendants recommend a self-applied "skin patch test" on a consumer's arm prior to use. Defendants recommend this test despite knowing that facial skin is more sensitive and may react differently than the arm or other parts of the body. Defendants provide no guidelines on how to test their Just For Men® products on a consumer's face prior to use.

57.     Defendants knew or should have known that their skin patch test is an inadequate method to determine if a user will have an adverse reaction to PPD.

58.     The universal standard for identifying skin allergies, including acute contact dermatitis to PPD, is the patch test which is administered and monitored by a dermatologist or similar trained medical professional over 7-10 days.

59.     During a patch test, a trained medical professional places small quantities of

11

known allergens on the patient's back. The test areas are then covered with special hypoallergenic adhesive tape so the patches stay in place undisturbed for 48 hours.

60.    Generally, a patch test administered by a medical professional requires two to three appointments so that the reactions can be carefully monitored by the dermatologist.

61.    Despite the knowledge that more accurate patch tests conducted by trained medical professionals are done over the course of several days or even weeks, Defendants wrongly and negligently fail to advise Just For Men ® consumers of the benefits of having a patch test done by a medical professional.

62.    In December 2007, the European Commission Scientific Committee on Consumer Products released an Opinion titled "Sensitivity to Hair Dyes – Consumer Self Testing." The Committee concluded that at home skin tests, given for the purpose of providing an indication as to whether an individual consumer may or may not have a contact allergy to hair dye chemicals, were unreliable. The committee specifically found that:

  a.   Self-Testing leads to misleading and false-negative results thus giving individuals who are allergic to hair dye substances the false impression that they are not allergic and not at risk of developing an allergic reaction by dyeing their hair;

  b.   There is a potential risk that "self-tests" result in induction of skin sensitization to hair dye substances;

  c.   The self-test recommendations were not standardized and uncontrolled allowing for large variations in dose, number of applications, and duration of exposure;

  d.   False negative results from self-testing are considered to be the largest problem;

  e.   48 hours known to be too short as patch test reactions may develop up to seven days after application;

  f.   Self-test locations on the arm or behind the ear are not reliable, while patch

testing done on the back is good for reproducibility; and

g.  Self-tests are not performed or observed by trained observers.

63.  Defendants do not warn or disclose that self-testing, such as the test recommended by Defendants, is not as effective or reliable as a doctor performed test as described elsewhere in this Complaint.

64.  Nowhere on their product packaging or inserts, webpage, or marketing materials do Defendants recommend that consumers undergo a patch test with a dermatologist before using Just For Men® products.

65.  Defendants advise that a consumer "not wash, cover, or disturb the test area for 48 hours." The burden to comply with Defendants' version of an allergy test is too high and essentially unfeasible. The risk of accidental contamination renders the "test" useless.

66.  For example, during Defendants' version of an allergy test, for two days, Consumers are unrealistically expected to:

a.  Not shower;

b.  Not wear long sleeve shirts;

c.  Not accidently rub against anything;

d.  Not sweat; and

e.  Not close the elbow.

67.  Defendants knew or should have known that a percentage of consumers would have an allergic reaction to their products but fail to advise consumers to undergo proper allergy testing before using their products.

68.  Despite knowing that a certain percentage of the population would have an allergic reaction to their products, Defendants failed to warn or disclose such rates of reaction to consumers and the public in general.

13

69.     Defendants knew or should have known that their recommended skin patch test is inadequate to accurately identify potential reactions to their products.

70.     Defendants, knew or should have known that their test was not adequate because:

    a.   The instructions and directions for use did not disclose that Defendants' at-home test was not a substitute for a patch-test administered or monitored by a trained medical professional and that more accurate results could be obtained by a test administered by a trained medical professional;

    b.   The risk that the test would be performed in the wrong area;

    c.   The risk that the amount of product used would be wrong;

    d.   The arm is not the appropriate location for a skin allergy test;

    e.   The risk of false negatives or false positives is high;

    f.   The area that is tested is not covered or protected during the test; and

    g.   The risk that the product would be disturbed by clothing or daily activities is high.

71.     Consumers, including Plaintiffs, detrimentally relied on Defendants' instructions and patch test.

72.     Defendants knew or should have known that it is highly unlikely that a consumer would be able to perform Defendants' version of the patch test properly and obtain reliable results.

73.     In addition, Defendants know or should have known that sensitization to PPD during a skin patch test is likely to occur in a certain percentage of the population.

74.     When sensitization occurs during a patch test, the consumer will have a late reaction to the PPD more than 48 hours, or not at all, after exposure rendering Defendants testing procedure useless.

75.     Due to sensitization during a patch test, it is possible for consumers to have a

negative skin patch test result and still have a severe reaction to Defendants' products including but not limited to Just For Men®.

76.     Despite this, Defendants do not warn or disclose the risks of sensitization during a skin patch test.

77.     Defendants' provide inadequate instructions on how to combine the Color Base and Color Developer before application. Defendants use ambiguous words such as "small" and "equal" parts but provide no tools or methods to measure the actual amount of each chemical or to ensure that equal amounts are being applied.

78.     Defendants provide no instructions on what is meant by a "small" amount of chemicals leaving the consumer to guess at the proper testing procedure.

79.     Without precise measuring tools, it is impossible to determine if "equal" amounts of each chemical are being mixed for application.

80.     Even if the product's patch test was adequate and reliable, which it is not, the vague, ambiguous, and inadequate instructions for its use render the test inadequate at best and useless at worst.

81.     Defendants fail to warn or disclose the probability that a user will have an adverse reaction to Just For Men®.

82.     Defendants spend millions of dollars to advertise nationally via television and internet, but do not warn about any adverse reactions on their website or their television commercials.

83.     Defendants do not have any information about adverse reactions or any warning or precautions in their FAQ section on their website. In fact, their website is completely devoid of safety information or information related to adverse reactions regarding their Just For Men® products.

84.     There are safer and cheaper alternatives to PPD available to Defendants for use in Just For Men® products. However, despite the known risks of PPD, Defendants continue to use PPD in their products.

85.     Safer known alternatives include but are not limited to:

a.   Henna based hair dyes;

b.   Para-toluenediamine sulfate hair dyes; and

c.   Other semi-permanent dyes.

86.     These safer alternatives greatly decrease or even eliminate the risk of adverse reactions caused by PPD containing products as discussed in this Complaint. Furthermore, these alternative formulations also achieve the desired result of dying and/or coloring an individual's hair.

87.     Defendants fail to warn about or disclose the true nature and extent of the risk of serious adverse reactions posed by Just For Men® products in the general population of users or consumers.

88.     Defendants also fail to warn or disclose that certain colors of Just For Men® products contain an increased amount of PPD posing a greater risk of an adverse reaction for consumers who use those particular colors.

89.     Furthermore, Defendants fail to warn or disclose that African American consumers are at an even higher risk of an acute reaction to PPD than those of Caucasian decent.

90.     Indeed, in 2001 a study performed by the Cleveland Clinic concluded that the sensitization rate of PPD in African American users overall (men and women) was 10.6% versus 4.5% in Caucasians. The study further concluded that the sensitization rate of PPD in African American men in particular was 21.2% compared to 4.2% in Caucasians.

91.     Just For Men® has an unacceptable and unreasonable rate of adverse reaction as

to the general population, which unacceptable and unreasonable rate of adverse reaction is even higher in certain population groups, such as African American men.

92.     Despite knowing that the overall population of consumers were already at an increased risk of experiencing an adverse reaction to PPD, and that African American men in particular were five times as likely to experience an adverse reaction to PPD, Defendants aggressively targeted the African American community in their marketing and advertising.

93.     In addition, other scientific studies have found increased sensitization rates to predominately dark-haired populations including 11.5% in India and 15.2% in Spain.

94.     In fact, PPD is now known as one of, if not the most, common allergens in the African American population, even rivaling nickel which is the leading cause of Allergic Contact Dermatitis ("ACD") in the world.

95.     Defendants knew or should have known that consumers were at a greater risk of experiencing an adverse reaction while using PPD compared to other hair dye products, and Defendants knew or should have known that consumers with darker hair, including but not limited to African Americans, were at an even greater risk of experiencing an adverse reaction to PPD.

96.     Despite this knowledge, Defendants failed to warn or disclose to their consumers that they were exposed to a significantly increased risk of suffering an adverse reaction.

97.     Defendants also knew or should have known that there is a substantial likelihood of serious bodily injury when using Just For Men® because it contains PPD. However, Defendants failed to warn or disclose this to consumers and the public in general.

98.     Instead, Defendants represented that their product was safe and effective when used as directed even though Defendants knew or should have known that their 48 hour allergy test was flawed and ineffective.

99.     Defendants also failed to warn or disclose to consumers and the public in general that African Americans are more than two times as likely to have a severe reaction to their products as other consumers, and that African-American men are four to five times more likely to have such a reaction.

100.    Defendants' warning label for Just For Men® inadequately addresses and warns of potential adverse health risk associated with the use of the product, as set forth in this Complaint. Even when such risks are mentioned, they are minimized and downplayed, further reducing the utility, if any, of the products' warnings.

101.    Defendants actively marketed Just For Men® to consumers knowing that it would cause serious and severe reactions to consumers and failed to warn or disclose this fact to consumers and the public in general.

102.    Defendants have an internal claims process in place to obtain liability releases and compensate consumers who are injured by Just For Men® products.

103.    Defendants' claim process is in place to cover up any problems associated with their Just For Men® products and prevent consumers who are injured from taking legal action.

104.    Plaintiffs are unaware of a single clinical trial or study performed by Defendants related to the injury rate and/or safety of any of their Just For Men® products.

105.    Defendants have a duty to monitor the safety of their products and it is reasonable for them to conduct multiple clinical trials and/or studies related to the safety of their Just For Men® products; however, they have failed to do so.

106.    Defendants knew or should have known of the high number of adverse reactions and injuries related to their Just For Men® products from a multitude of sources, including but not limited to their internal claims process, making their failure to conduct any studies or clinical trials particularly egregious.

## PLAINTIFFS' USE OF JUST FOR MEN

107.   Plaintiff, Felix Brim, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 626 N 37th Street, East Saint Louis, Illinois 62205 and brings this action in his individual capacity.

108.   Plaintiff Felix Brim purchased Just For Men® in or about January 2016. Plaintiff Felix Brim applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Felix Brim suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, rash, itching, stinging, burning, scarring, and permanent skin discoloration.

109.   Plaintiff, Eric Hudson, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 8000 Lyons Ave. Apt. 2M, Philadelphia, PA 19153 and brings this action in his individual capacity.

110.   Plaintiff Eric Hudson purchased Just For Men® in or about October 2014. Plaintiff Eric Hudson applied Just For Men® as directed in or about October 2014. In or about October 2014, Plaintiff Eric Hudson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

111.   Plaintiff, Kurt Williams, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 4683 Burks Rd., Forest Park, GA 30297 and brings this action in his individual capacity.

112.   Plaintiff Kurt Williams purchased Just For Men® in or about September 2014. Plaintiff Kurt Williams applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Kurt Williams suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, stinging and

burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

113.    Plaintiff, Kevin Simon, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1 Hermann Museum Circle Dr. Apt. 3086 Houston, TX 77004 and brings this action in his individual capacity.

114.    Plaintiff Kevin Simon purchased Just For Men® in or about January 2016. Plaintiff Kevin Simon applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Kevin Simon suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, stinging, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

115.    Plaintiff, Bennie Lark, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 5550 West Quincey, Building 254 1st Floor, Chicago, IL 60644 and brings this action in his individual capacity.

116.    Plaintiff Bennie Lark purchased Just For Men® in or about November 2014 Plaintiff Bennie Lark applied Just For Men® as directed in or about November 2014. In or about November 2014, Plaintiff Bennie Lark suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

117.    Plaintiff, Cecil Littleton, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 507 Milwoof Dr., Capitol Heights, MD 20743 and brings this action in his individual capacity.

20

118.     Plaintiff Cecil Littleton purchased Just For Men® in or about July 2015. Plaintiff Cecil Littleton applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Cecil Littleton suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

119.     Plaintiff, Leroy Moore, is and was at all times alleged herein a citizen of the State of California and currently resides at 142 W. 117th St., Los Angeles CA 90061 and brings this action in his individual capacity.

120.     Plaintiff Leroy Moore purchased Just For Men® in or about November 2014. Plaintiff Leroy Moore applied Just For Men® as directed in or about November 2014. In or about November 2014, Plaintiff Leroy Moore suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, stinging, sores, blisters, burning, and permanent skin scarring.

121.     Plaintiff, Michael Hollins, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 1455 N. Main Street #C122, Las Vegas, NV 819101 and brings this action in his individual capacity.

122.     Plaintiff Michael Hollins purchased Just For Men® in or about November 2014. Plaintiff Michael Hollins applied Just For Men® as directed in or about November 2014. In or about November 2014, Plaintiff Michael Hollins suffered a severe reaction to Just For Men® including but not limited to stinging, irritation, burning, permanent skin discoloration and scarring.

21

123.    Plaintiff, Reginald Hawkins, is and was at all times alleged herein a citizen of the State of California and currently resides at 542 Wilowood Circle, Welsh, LA 70591 and brings this action in his individual capacity.

124.    Plaintiff Reginald Hawkins purchased Just For Men® in or about November 2015. Plaintiff Reginald Hawkins applied Just For Men® as directed in or about November 2015. In or about November 2015, Plaintiff Reginald Hawkins suffered a severe reaction to Just For Men® including but not limited to irritation, itching, stinging, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

125.    Plaintiff, Stevenson Hamm, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at 2163 S. 13th St., Milwaukee, WI 53215 and brings this action in his individual capacity.

126.    Plaintiff Stevenson Hamm purchased Just For Men® in or about September 2013. Plaintiff Stevenson Hamm applied Just For Men® as directed in or about September 2013. In or about September 2013, Plaintiff Stevenson Hamm suffered a severe reaction to Just For Men® including but not limited to swelling, redness, itching, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

127.    Plaintiff, Ken Sallee, is and was at all times alleged herein a citizen of the State of Oklahoma and currently resides at 10440 S 86th E Ave., Tulsa, OK 74133 and brings this action in his individual capacity.

128.    Plaintiff Ken Sallee purchased Just For Men® in or about December 2014. Plaintiff Ken Sallee applied Just For Men® as directed in or about December 2014. In or about December 2014, Plaintiff Ken Sallee suffered a severe reaction to Just For Men® including but

not limited to redness, irritation, itching, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

129.    Plaintiff, Ronnie Epperson, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 149 Pine St., Jackson, TN 38301 and brings this action in his individual capacity.

130.    Plaintiff Ronnie Epperson purchased Just For Men® in or about December 2015. Plaintiff Ronnie Epperson applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Ronnie Epperson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

131.    Plaintiff, Ronald Purdom, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 3102 Boright Dr., Knoxville, TN 37917 and brings this action in his individual capacity.

132.    Plaintiff Ronald Purdom purchased Just For Men® in or about November 2015. Plaintiff Ronald Purdom applied Just For Men® as directed in or about November 2015. In or about November 2015, Plaintiff Ronald Purdom suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

133.    Plaintiff, Charlie Harris, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 915 Poplar Street Cincinnati, OH 45214 and brings this action in his individual capacity.

134.    Plaintiff Charlie Harris purchased Just For Men® in or about August 2015.
Plaintiff Charlie Harris applied Just For Men® as directed in or about August 2015. In or about
August 2015, Plaintiff Charlie Harris suffered a severe reaction to Just For Men® including but
not limited to swelling, redness, irritation, itching, stinging, oozing, weeping, sores, blisters,
burning, and permanent skin discoloration. As a result of injuries sustained after applying Just
For Men®, Plaintiff obtained medical treatment.

135.    Plaintiff, Carl Isaac, is and was at all times alleged herein a citizen of the State of
Louisiana and currently resides at 200 Wind Haven Lane, Lafayette, LA 70506 and brings this
action in his individual capacity.

136.    Plaintiff Carl Isaac purchased Just For Men® in or about December 2015. Plaintiff
Carl Isaac applied Just For Men® as directed in or about December 2015. In or about December
2015, Plaintiff Carl Isaac suffered a severe reaction to Just For Men® including but not limited to
redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.
As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical
treatment.

137.    Plaintiff, Terry Alexander, is and was at all times alleged herein a citizen of the
State of Louisiana and currently resides at 6777 Raspberry Lane, Apt 2727, Shreveport, LA
71129 and brings this action in his individual capacity.

138.    Plaintiff Terry Alexander purchased Just For Men® in or about December 2015.
Plaintiff Terry Alexander applied Just For Men® as directed in or about December 2015. In or
about December 2015, Plaintiff Terry Alexander suffered a severe reaction to Just For Men®
including but not limited to redness, irritation, sores, blisters, burning, and permanent skin

discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

139.    Plaintiff, Joshua Davenport, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 5400 Norgate Dr., New Orleans, LA 70127 and brings this action in his individual capacity.

140.    Plaintiff Joshua Davenport purchased Just For Men® in or about January 2016. Plaintiff Joshua Davenport applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Joshua Davenport suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

141.    Plaintiff, Thaddeus Griffin, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at P.O Box 13233 New Orleans, LA 70185 and brings this action in his individual capacity.

142.    Plaintiff Thaddeus Griffin purchased Just For Men® in or about January 2016. Plaintiff Thaddeus Griffin applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Thaddeus Griffin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

143.    Plaintiff, Leshurn Rucker, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 1090 Hollywood Rd. NW Apt. 206, Atlanta, GA 30318 and brings this action in his individual capacity.

144.    Plaintiff Leshurn Rucker purchased Just For Men® in or about January 2015. Plaintiff Leshurn Rucker applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff Leshurn Rucker suffered a severe reaction to Just For Men® including but not limited to swelling, redness, irritation, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

145.    Plaintiff, Prentis Myree, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 1750 Shelton Beach Rd. G4, Mobile, AL 36618 and brings this action in his individual capacity.

146.    Plaintiff Prentis Myree purchased Just For Men® in or about January 2015. Plaintiff Prentis Myree applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff Prentis Myree suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

147.    Plaintiff, Reginald Hill, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 8239 Robena Lane, Millington, TN 38053 and brings this action in his individual capacity.

148.    Plaintiff Reginald Hill purchased Just For Men® in or about January 2016. Plaintiff Reginald Hill applied Just For Men® as directed in or about January 2016. In or about January 2016, Plaintiff Reginald Hill suffered a severe reaction to Just For Men® including but not limited to itching, stinging, irritation, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

149.     Plaintiff, Kenneth Holloman, is and was at all times alleged herein a citizen of the State of Kansas and currently resides at 3650 Sunset Drive, Grantville, KS 66429 and brings this action in his individual capacity.

150.     Plaintiff Kenneth Holloman purchased Just For Men® in or about 2015. Plaintiff Kenneth Holloman applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Kenneth Holloman suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

151.     Plaintiff, Jerry Dantzler, is and was at all times alleged herein a citizen of the State of California and currently resides at 17023 S. Vernon, Apt. 1 Gardena, CA 90247 and brings this action in his individual capacity.

152.     Plaintiff Jerry Dantzler purchased Just For Men® in or about 2015. Plaintiff Jerry Dantzler applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Jerry Dantzler suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, stinging, oozing, weeping, sores, blisters and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

153.     Plaintiff, David Ruffin, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 7134 Goldfield St. North Las Vegas, NV 89084 and brings this action in his individual capacity.

154.     Plaintiff David Ruffin purchased Just For Men® in or about January 2015. Plaintiff David Ruffin applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff David Ruffin suffered a severe reaction to Just For Men® including but not limited to swelling, redness, irritation, itching, stinging oozing, weeping, sores, blisters,

burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

155.    Plaintiff, Steven Wheeler, is and was at all times alleged herein a citizen of the State of Missouri and currently resides at PO Box 1412 Saint Charles, MO 63304 and brings this action in his individual capacity.

156.    Plaintiff Steven Wheeler purchased Just For Men® in or about June 2012. Plaintiff Steven Wheeler applied Just For Men® as directed in or about June 2012. In or about June 2012, Plaintiff Steven Wheeler suffered a severe reaction to Just For Men® including but not limited to swelling redness, irritation, itching, stinging, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

157.    Plaintiff, Willie Cotton, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 127 Lower Way Rd. Easton, PA 18045 and brings this action in his individual capacity.

158.    Plaintiff Willie Cotton purchased Just For Men® in or about February 2016. Plaintiff Willie Cotton applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Willie Cotton suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

159.    Plaintiff, Rich Sikes, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 3415 E. Norcroft Circle, Mesa, AZ 85213 and brings this action in his individual capacity.

160.    Plaintiff Rich Sikes purchased Just For Men® in or about June 2015. Plaintiff Rich Sikes applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Rich Sikes suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

161.    Plaintiff, Carl Gray, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at P. O. Box 784, Hattiesburg, MS 39403 and brings this action in his individual capacity.

162.    Plaintiff Carl Gray purchased Just For Men® in or about February 2014. Plaintiff Carl Gray applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Carl Gray suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, itching and stinging As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

163.    Plaintiff, Anthony Randall, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 793 Lyons Avenue, Irvington, New Jersey 07111 and brings this action in his individual capacity.

164.    Plaintiff Anthony Randall purchased Just For Men® in or about December 2013. Plaintiff Anthony Randall applied Just For Men® as directed in or about December 2013. In or about December 2013 Plaintiff Anthony Randall suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin scarring.

165.     Plaintiff, John Walker is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 349A Cedars School Circle, Vicksburg, MS 39180 and brings this action in his individual capacity.

166.     Plaintiff John Walker purchased Just For Men® in or about August 2014. Plaintiff John Walker applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff John Walker suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, and permanent skin discoloration and scarring.

167.     Plaintiff, Michael Jaffe, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 11520 Oak Grove Rd., Grand Haven, MI 49417 and brings this action in his individual capacity.

168.     Plaintiff Michael Jaffe purchased Just For Men® in or about June 2014. Plaintiff Michael Jaffe applied Just For Men® as directed in or about June 2014. In or about 2014, Plaintiff Michael Jaffe suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

169.     Plaintiff, Sam Feaster, is and was at all times alleged herein a citizen of the State of New York and currently resides at 590 E. Amherst St., Buffalo, NY 14215 and brings this action in his individual capacity.

170.     Plaintiff Sam Feaster purchased Just For Men® in or about February 2015. Plaintiff Sam Feaster applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff Sam Feaster suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin

discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

171.    Plaintiff, Robert Terrell, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 211 Spring St., Apt. 1, Brockton, MA 02301 and brings this action in his individual capacity.

172.    Plaintiff Robert Terrell purchased Just For Men® in or about 2012 and in or about 2014. Plaintiff Robert Terrell applied Just For Men® as directed in or about 2012 and in or about 2014. In or about 2012 and in or about 2014, Plaintiff Robert Terrell suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

173.    Plaintiff, Eric Williams, is and was at all times alleged herein a citizen of the State of California and currently resides at 2422 Gloria St. West Covina, CA 91792 and brings this action in his individual capacity.

174.    Plaintiff Eric Williams purchased Just For Men® in or about 2015. Plaintiff Eric Williams applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Eric Williams suffered a severe reaction to Just For Men® including but not limited to swelling, redness, itching, irritation, burning, and permanent skin discoloration.

175.    Plaintiff, Ronald Hackett, is and was at all times alleged herein a citizen of the State of California and currently resides at 704 San Juan Oaks Dr., Brentwood, CA 94513 and brings this action in his individual capacity.

176.    Plaintiff Ronald Hackett purchased Just For Men® in or about February 2015. Plaintiff Ronald Hackett applied Just For Men® as directed in or about Ronald Hackett. In or about February 2015, Plaintiff Ronald Hackett suffered a severe reaction to Just For Men®

including but not limited to swelling, redness, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

177.    Plaintiff, Eddie Adcock, is and was at all times alleged herein a citizen of the State of Kentucky and currently resides at 485 Waterford Loop, Taylorsville, KY 40071 and brings this action in his individual capacity.

178.    Plaintiff Eddie Adcock purchased Just For Men® in or about February 2016. Plaintiff Eddie Adcock applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Eddie Adcock suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

179.    Plaintiff, Todd Griffin, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 7906 Hamilton Ave., Pittsburgh, PA 15208 and brings this action in his individual capacity.

180.    Plaintiff Todd Griffin purchased Just For Men® in or about November 2015. Plaintiff Todd Griffin applied Just For Men® as directed in or about November 2015. In or about November 2015, Plaintiff Todd Griffin suffered a severe reaction to Just For Men® including but not limited to redness, itching, irritation, and burning,. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

181.    Plaintiff, Marlon Judge, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 409 E 27th St., Norfolk, VA 23508 and brings this action in his individual capacity.

182.    Plaintiff Marlon Judge purchased Just For Men® in or about March 2015. Plaintiff Marlon Judge applied Just For Men® as directed in or about March 2015. In or about March

2015, Plaintiff Marlon Judge suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

183.    Plaintiff, Ronald Barnes, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 2256 Brighton Pl., Harvey, LA 70058 and brings this action in his individual capacity.

184.    Plaintiff Ronald Barnes purchased Just For Men® in or about February 2016. Plaintiff Ronald Barnes applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Ronald Barnes suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration and scarring.

185.    Plaintiff, Alan Blake, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 207 Alexander Ave. Indianola, MS 38751 and brings this action in his individual capacity.

186.    Plaintiff Alan Blake, purchased Just For Men® in or about 2014, in or about 2015 and in or about February 2016. Plaintiff Alan Blake applied Just For Men® as directed in or about 2014, in or about 2015 and in or about February 2016. In or about  2014, in or about 2015 and in or about February 2016, Plaintiff Alan Blake suffered a severe reaction to Just For Men® including but not limited to rashes, redness, irritation, itching and burning,. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

187.    Plaintiff, Charles Barnes, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 411 Hendee Street, New Orleans, LA 70114 and brings this action in his individual capacity.

188.     Plaintiff Charles Barnes purchased Just For Men® in or about February 2016. Plaintiff Charles Barnes applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Charles Barnes suffered a severe reaction to Just For Men® including but not limited to swelling and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

189.     Plaintiff, Charles Watson, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 1014 Spears Street, West Memphis, AR 72301 and brings this action in his individual capacity.

190.     Plaintiff Charles Watson purchased Just For Men® in or about 2016. Plaintiff Charles Watson applied Just For Men® as directed in or about 2016. In or about 2016 to the present, Plaintiff Charles Watson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

191.     Plaintiff, Michael Harris, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 1042 W. 87th St., Apt. 2S, Chicago, IL 60620 and brings this action in his individual capacity.

192.     Plaintiff Michael Harris purchased Just For Men® in or about July 2015. Plaintiff Michael Harris applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Michael Harris suffered a severe reaction to Just For Men® including but not limited to a rash, itching, irritation, permanent skin discoloration and scarring.

193.     Plaintiff, Anthony Hamilton, is and was at all times alleged herein a citizen of the State of New York and currently resides at 410 St. Nicholas Ave, Apt 1H, New York, NY 10027 and brings this action in his individual capacity.

34

194.    Plaintiff Anthony Hamilton purchased Just For Men® in or about February 2014. Plaintiff Anthony Hamilton applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Anthony Hamilton suffered a severe reaction to Just For Men® including but not limited to swelling, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

195.    Plaintiff, Michael Trobough, is and was at all times alleged herein a citizen of the State of Oklahoma and currently resides at 2512 East 88th St. Apt. 8, Tulsa, OK 74137 and brings this action in his individual capacity.

196.    Plaintiff Michael Trobough purchased Just For Men® in or about February 2015. Plaintiff Michael Trobough applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff Michael Trobough suffered a severe reaction to Just For Men® including but not limited to redness, itching, stinging, irritation, oozing, weeping, sores, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

197.    Plaintiff, Raymond Upchurch, is and was at all times alleged herein a citizen of the State of California and currently resides at 5451 Banfeild Dr., Sacramento, CA 95835 and brings this action in his individual capacity.

198.    Plaintiff Raymond Upchurch purchased Just For Men® in or about February 2015. Plaintiff Raymond Upchurch applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff Raymond Upchurch suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, redness, irritation, oozing, weeping, sores, blisters and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

199.     Plaintiff, Dewayne Neal, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 1923 S. Parkway E. Apt. 2, Memphis, TN 38114 and brings this action in his individual capacity.

200.     Plaintiff Dewayne Neal purchased Just For Men® in or about February 2016. Plaintiff Dewayne Neal applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Dewayne Neal suffered a severe reaction to Just For Men® including but not limited to swelling, itching, redness, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring

201.     Plaintiff, Michael Whitaker, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 631 E. 102nd St., Chicago IL 60628 and brings this action in his individual capacity.

202.     Plaintiff Michael Whitaker purchased Just For Men® in or about 2015. Plaintiff Michael Whitaker applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Michael Whitaker suffered a severe reaction to Just For Men® including but not limited to a rash, itching, stinging, irritation, oozing, weeping, sores, blisters, infection permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

203.     Plaintiff, Michael Laws, is and was at all times alleged herein a citizen of the State of Oklahoma and currently resides at 1331 North Toledo Ave. Tulsa, OK 74115 and brings this action in his individual capacity.

204.     Plaintiff Michael Laws purchased Just For Men® in or about February 2015 and in or about March 2016. Plaintiff Michael Laws applied Just For Men® as directed in or about February 2015 and in or about March 2016. In or about February 2015 and in or about March 2016, Plaintiff Michael Laws suffered a severe reaction to Just For Men® including but not

limited to swelling, itching, redness, irritation, sores, blisters, burning, permanent skin discoloration and scarring.

205.    Plaintiff, Joseph Robertson, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 8056 McBride Rd. Pattison, MS 39144 and brings this action in his individual capacity.

206.    Plaintiff Joseph Robertson purchased Just For Men® in or about January 2015. Plaintiff Joseph Robertson applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff Joseph Robertson suffered a severe reaction to Just For Men® including but not limited to a rash, infection, swelling, itching, redness, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

207.    Plaintiff, Dewayne Slappy, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 20275 Annott St., Detroit, MI 48205 and brings this action in his individual capacity.

208.    Plaintiff Dewayne Slappy purchased Just For Men® in or about February 2014. Plaintiff Dewayne Slappy applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Dewayne Slappy suffered a severe reaction to Just For Men® including but not limited to… As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

209.    Plaintiff, Kevin Young, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 309 Yoakum Pkwy., Alexandria, VA 22304 and brings this action in his individual capacity.

210.    Plaintiff Kevin Young purchased Just For Men® in or about January 2014. Plaintiff Kevin Young applied Just For Men® as directed in or about January 2014. In or about

January 2014, Plaintiff Kevin Young suffered a severe reaction to Just For Men® including but not limited to a rash, itching, redness, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

211.    Plaintiff, Antione Shaw, is and was at all times alleged herein a citizen of the State of Kentucky and currently resides at 5428 Hames Trace, Louisville, KY 40291 and brings this action in his individual capacity.

212.    Plaintiff Antoine Shaw purchased Just For Men® in or about February 2016. Plaintiff Antione Shaw applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Antione Shaw suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, redness, irritation, oozing, weeping, sores, blisters and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

213.    Plaintiff, Walter Billups, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 4424 Hubber Rd., Charlotte, NC 28269 and brings this action in his individual capacity.

214.    Plaintiff Walter Billups purchased Just For Men® in or about April 2014. Plaintiff Walter Billups applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Walter Billups suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, redness, irritation, oozing, weeping, sores, blisters and burning.  As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

215.    Plaintiff, Kenny Barone, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 708 Oakland Ave., West Columbia, SC 29169 and brings this action in his individual capacity.

216.     Plaintiff Kenny Barone purchased Just For Men® in or about 2014. Plaintiff Kenny Barone applied Just For Men® as directed in or about 2014. In or about 2014, Plaintiff Kenny Barone suffered a severe reaction to Just For Men® including but not limited to redness, irritation and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

217.     Plaintiff, Keith Williams, is and was at all times alleged herein a citizen of the State of Kentucky and currently resides at 5326 Milner Lane and brings this action in his individual capacity.

218.     Plaintiff Keith Williams purchased Just For Men® in or about… Plaintiff Keith Williams applied Just For Men® as directed in or about…. In or about …, Plaintiff Keith Williams suffered a severe reaction to Just For Men® including but not limited to …

219.     Plaintiff, Lloyd Johnson, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 3000 Independent St. Apt. 215, Metairie, LA 70006 and brings this action in his individual capacity.

220.     Plaintiff Lloyd Johnson purchased Just For Men® in or about February 2016. Plaintiff Lloyd Johnson applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Lloyd Johnson suffered a severe reaction to Just For Men® including but not limited to a rash, itching, stinging, redness, irritation, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

221.     Plaintiff, Gregory Ham, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 3527 W. 52nd St., Cleveland, OH 44102 and brings this action in his individual capacity.

222.     Plaintiff Gregory Ham purchased Just For Men® in or about December 2015. Plaintiff Gregory Ham applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Gregory Ham suffered a severe reaction to Just For Men® including but not limited to a rash, infection, swelling, itching, redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

223.     Plaintiff, Donald Hasten, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 1044 Dimarco Dr., Marrero, LA 70072 and brings this action in his individual capacity.

224.     Plaintiff Donald Hasten purchased Just For Men® in or about February 2016. Plaintiff Donald Hasten applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Donald Hasten suffered a severe reaction to Just For Men® including but not limited to swelling, redness, irritation, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

225.     Plaintiff, Stanley Brown, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 3201 Decatur St. Apt. B, Columbus, GA 31906 and brings this action in his individual capacity.

226.     Plaintiff Stanley Brown purchased Just For Men® in or about February 2015. Plaintiff Stanley Brown applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff Stanley Brown suffered a severe reaction to Just For Men® including but not limited to a rash, itching, swelling, redness, irritation, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

227.    Plaintiff, AC Moffett, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 1012 Bolo Ct., Apt. 1, Westwego, LA 70096 and brings this action in his individual capacity.

228.    Plaintiff A. C. Moffett purchased Just For Men® in or about February 2016. Plaintiff A. C. Moffett applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff A. C. Moffett suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, redness, irritation, sores, blisters, burning, permanent skin discoloration and scarring.

229.    Plaintiff, Bill Sutton, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 3085 Highway 41 S., Calhoun, GA 30701 and brings this action in his individual capacity.

230.    Plaintiff Bill Sutton purchased Just For Men® in or about June 2015 and in or about March 2016. Plaintiff Bill Sutton applied Just For Men® as directed in or about June 2015 and in or about March 2016. In or about June 2015 and in or about March 2016, Plaintiff Bill Sutton suffered a severe reaction to Just For Men® including but not limited to swelling, itchining, redness, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

231.    Plaintiff, Raygon Law, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 2147 Chimney Ridge Dr., Madison, OH 44057 and brings this action in his individual capacity.

232.    Plaintiff Raygon Law purchased Just For Men® in or about 2015. Plaintiff Raygon Law applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Raygon Law suffered a severe reaction to Just For Men® including but not limited to swelling, itching,

stinging, redness, irritation, oozing, weeping, sores, blisters, burning, infection and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

233.    Plaintiff, Richard Boyd, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2246 Leeway Landing, Augusta, GA 30904 and brings this action in his individual capacity.

234.    Plaintiff Richard Boyd purchased Just For Men® in or about March 2016. Plaintiff Richard Boyd applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Richard Boyd suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, redness, irritation, oozing, weeping, sores, blisters, burning, infection, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

235.    Plaintiff, Darold Bailey, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 12840 S. Kirkwood Dr. Stafford, TX 77477 and brings this action in his individual capacity.

236.    Plaintiff Darold Bailey purchased Just For Men® in or about February 2015. Plaintiff Darold Bailey applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff Darold Bailey suffered a severe reaction to Just For Men® including but not limited to swelling, redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

237.    Plaintiff, Shawn Dalton, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 909 Hodges Pl., Virginia Beach, VA 23464 and brings this action in his individual capacity.

238.    Plaintiff Shawn Dalton purchased Just For Men® in or about March 2016. Plaintiff Shawn Dalton applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Shawn Dalton suffered a severe reaction to Just For Men® including but not limited to itching, irritation, hair loss, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

239.    Plaintiff, Herman Anderson, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 4301 SW 49th Ave. Apt. 326, Armarillo, TX 79109 and brings this action in his individual capacity.

240.    Plaintiff Herman Anderson purchased Just For Men® in or about February 2016. Plaintiff Herman Anderson applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Herman Anderson suffered a severe reaction to Just For Men® including but not limited to a rash, itching, redness, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring.

241.    Plaintiff, James Davies, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 244 Raccoon Hollow Rd., P. O. Box 430, Atkinson, NC 28421 and brings this action in his individual capacity.

242.    Plaintiff James Davies purchased Just For Men® in or about November 2014. Plaintiff James Davies applied Just For Men® as directed in or about November 2014. In or about November 2014, Plaintiff James Davies suffered a severe reaction to Just For Men® including but not limited to swelling, itching, redness, irritation, stinging, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

43

243.    Plaintiff, Van Carter, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1656 Tower St. Springtown, TX 76082 and brings this action in his individual capacity.

244.    Plaintiff Van Carter purchased Just For Men® in or about April 2015. Plaintiff Van Carter applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Van Carter suffered a severe reaction to Just For Men® including but not limited to swelling, itching, redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

245.    Plaintiff, Ricardo Beltran, is and was at all times alleged herein a citizen of the State of California and currently resides at 5115 West Blvd. Los Angeles, CA 90043 and brings this action in his individual capacity.

246.    Plaintiff Ricardo Beltran purchased Just For Men® in or about February 2015. Plaintiff Ricardo Beltran applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff Ricardo Beltran suffered a severe reaction to Just For Men® including but not limited to scarring and permanent skin discoloration.

247.    Plaintiff, David Boone, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 4121 Easter Ave., Dallas, TX 75216 and brings this action in his individual capacity.

248.    Plaintiff David Boone purchased Just For Men® in or about February 2015. Plaintiff February 2015 applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff David Boone suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, redness, irritation, oozing, weeping, sores, blisters, burning, infection, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

249.    Plaintiff, Lanzell Walker, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 1105 Hatchel Lane, Denham Springs, LA 70726 and brings this action in his individual capacity.

250.    Plaintiff Lanzell Walker purchased Just For Men® in or about February 2016. Plaintiff Lanzell Walker applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Lanzell Walker suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, irritation, itching, sores, and blisters, burning.  As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

251.    Plaintiff, Gary Reggie, is and was at all times alleged herein a citizen of the State of Missouri and currently resides at 3301 Crystalline Dr., Saint Louis, MO 63125 and brings this action in his individual capacity.

252.    Plaintiff Corrie Wallace purchased Just For Men® in or about February 2016. Plaintiff Corrie Wallace applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Corrie Wallace suffered a severe reaction to Just For Men® including but not limited to a rash, redness, itching, irritation and burning.

253.    Plaintiff, William Little, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2661 Dewberry Rd., Quitman, GA 31643 and brings this action in his individual capacity.

254.    Plaintiff William Little purchased Just For Men® in or about December 2015. Plaintiff William Little applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff William Little suffered a severe reaction to Just For Men® including but not limited to a rash, redness, itching, irritation, stinging, sores, blisters, burning, permanent skin discoloration and scarring.

255.    Plaintiff, Franklin Denby, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 678 E. Whittier St. Columbus, OH 43206 and brings this action in his individual capacity.

256.    Plaintiff Franklin Denby purchased Just For Men® in or about May 2016. Plaintiff Franklin Deny applied Just For Men® as directed in or about May 2016. In or about May 2016, Plaintiff Franklin Denby suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, stinging, sores, blisters, burning, permanent skin discoloration and scarring.

257.    Plaintiff, Joseph Gordon, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 5644 Quiet Cloud Ct., Las Vegas, NV 89141 and brings this action in his individual capacity.

258.    Plaintiff Joseph Gordon purchased Just For Men® in or about November 2015. Plaintiff Joseph Gordon applied Just For Men® as directed in or about November 2015. In or about November 2015, Plaintiff Joseph Gordon suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring.

259.    Plaintiff, Kevin Smith, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 2903 Countryway, Danville, IL 61832 and brings this action in his individual capacity.

260.    Plaintiff Kevin Smith purchased Just For Men® in or about November 2015. Plaintiff Kevin Smith applied Just For Men® as directed in or about November 2015. In or about November 2015, Plaintiff Kevin Smith suffered a severe reaction to Just For Men® including but not limited to swelling, irritation, oozing, weeping, sores, and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

261.     Plaintiff, Mike Narcisse, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 2621 Lower Ridge Ct., Lake Charles, LA 70615 and brings this action in his individual capacity.

262.     Plaintiff Mike Narcisse purchased Just For Men® in or about February 2016. Plaintiff Mike Narcisse applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Mike Narcisse suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, irritation, sores, blisters, burning, infection, permanent skin discoloration and scarring

263.     Plaintiff, David Moss, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 2126 W. Laura St. Peoria, IL 61604 and brings this action in his individual capacity.

264.     Plaintiff David Moss purchased Just For Men® in or about March 2015. Plaintiff David Moss applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff David Moss suffered a severe reaction to Just For Men® including but not limited to a rash, stinging, redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring.

265.     Plaintiff, John Robinson, is and was at all times alleged herein a citizen of the State of California and currently resides at 14333 Somerset Dr., Mojave, CA 93501 and brings this action in his individual capacity.

266.     Plaintiff John Robinson purchased Just For Men® in or about February 2015. Plaintiff John Robinson applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff John Robinson suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, irritation, oozing, weeping, sores, blisters,

burning, infection, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

267.    Plaintiff, Donte Gilmore, is and was at all times alleged herein a citizen of the State of California and currently resides at 1813 E. 122nd St., Los Angeles, CA 90059 and brings this action in his individual capacity.

268.    Plaintiff Donte Gilmore purchased Just For Men® in or about 2015 and in or about 2016. Plaintiff Donte Gilmore applied Just For Men® as directed in or about 2015 and in or about 2016. In or about 2015, and in or about 2016, Plaintiff Donte Gilmore suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

269.    Plaintiff, Fredrick Daniels, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 2006 Robinwood St., Apt. 401 Building D, Toledo, OH 43620 and brings this action in his individual capacity.

270.    Plaintiff Fredrick Daniels purchased Just For Men® in or about 2015. Plaintiff Fredrick Daniels applied Just For Men® as directed in or about Fredrick Daniels. In or about 2015, Plaintiff Fredrick Daniels suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, irritation, sores, blisters and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

271.    Plaintiff, Antonio Turner, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 1622 4th St., Lake Providence, LA 71254 and brings this action in his individual capacity.

272.   Plaintiff Antonio Turner purchased Just For Men® in or about February 2016. Plaintiff Antonio Turner applied Just For Men® as directed in or about February 2016. In or about February 2016, Plaintiff Antonio Turner suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

273.   Plaintiff, Benjamin Chaplin, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 400 E. 215th St. Euclid, OH 44123 and brings this action in his individual capacity.

274.   Plaintiff Benjamin Chaplin purchased Just For Men® in or about 2015. Plaintiff Benjamin Chaplin applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Benjamin Chaplin suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, irritation, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

275.   Plaintiff, Dana Lindquist, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at 536 Scenic Terra Dr., Henderson, NV 89015 and brings this action in his individual capacity.

276.   Plaintiff Dana Lindquist purchased Just For Men® in or about September 2015. Plaintiff Dana Lindquist applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Dana Lindquist suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, stinging, irritation, sores, blisters, burning, and permanent skin discoloration.

277.     Plaintiff, William Hawthorne, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 813 Fairfield Rd. Boardman, OH 44512 and brings this action in his individual capacity.

278.     Plaintiff William Hawthorne purchased Just For Men® in or about August 2015. Plaintiff William Hawthorne applied Just For Men® as directed in or about August 2015. In or about August 2015, Plaintiff William Hawthorne suffered a severe reaction to Just For Men® including but not limited to a rash, itching, stinging, sores, blisters, burning and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

279.     Plaintiff, Henry Navarro, is and was at all times alleged herein a citizen of the State of New Mexico and currently resides at 1525 Reid St. Apt.1, Clovis, NM 88101 and brings this action in his individual capacity.

280.     Plaintiff Henry Navarro purchased Just For Men® in or about January 2014. Plaintiff Henry Navarro applied Just For Men® as directed in or about January 2014. In or about January 2014, Plaintiff Henry Navarro suffered a severe reaction to Just For Men® including but not limited to a rash, redness, itching, irritation, sores and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

281.     Plaintiff, Marlon Walker, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 6563 Pine Bluff Avenue NE, N. Canton, OH 44721 and brings this action in his individual capacity.

282.     Plaintiff Marlon Walker purchased Just For Men® in or about January 2015. Plaintiff Marlon Walker applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff Marlon Walker suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, oozing, weeping, sores, blisters, burning, and infection.

As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

283.     Plaintiff, Craig Cannon, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 1304 Forest Dr., Searcy, AR 72143 and brings this action in his individual capacity.

284.     Plaintiff Craig Cannon purchased Just For Men® in or about January 2015. Plaintiff Craig Cannon applied Just For Men® as directed in or about January 2015. In or about January 2015, Plaintiff Craig Cannon suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

285.     Plaintiff, Lee Johnson, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at E1190 Church Road, Luxemborg, WI 54217 and brings this action in his individual capacity.

286.     Plaintiff Lee Johnson purchased Just For Men® in or about January 2014. Plaintiff Lee Johnson applied Just For Men® as directed in or about January 2014. In or about January 2014, Plaintiff Lee Johnson suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, infection and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

287.     Plaintiff, Paul Reynolds, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2058 Shamrock Dr., Decatur, GA 30032 and brings this action in his individual capacity.

288.    Plaintiff Paul Reynolds purchased Just For Men® in or about 2015. Plaintiff Paul Reynolds applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Paul Reynolds suffered a severe reaction to Just For Men® including but not limited to swelling and itching. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

289.    Plaintiff, Mark Lee, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 310 North McDaniel Street Apt. 9, Enfield, NC 27823 and brings this action in his individual capacity.

290.    Plaintiff Mark Lee purchased Just For Men® in or about February 2014. Plaintiff Mark Lee applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Mark Lee suffered a severe reaction to Just For Men® including but not limited to a rash, redness, itching, irritation, oozing, weeping, sores, blisters, burning, infection and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

291.    Plaintiff, Will Baggett, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 316 Hayat Loop, Oxford, MS 38655 and brings this action in his individual capacity.

292.    Plaintiff Will Baggett purchased Just For Men® in or about June 2014. Plaintiff Will Baggett applied Just For Men® as directed in or about June 2014. In or about June 2014, Plaintiff Will Baggett suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, irritation, burning, infection and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

293.    Plaintiff, Jason Ulmer, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 744 Sharon Moss Rd. Laurel, MS 39443 and brings this action in his individual capacity.

294.    Plaintiff Jason Ulmer purchased Just For Men® in or about July 2014. Plaintiff Jason Ulmer applied Just For Men® as directed in or about July 2014. In or about July 2014, Plaintiff Jason Ulmer suffered a severe reaction to Just For Men® including but not limited to A rash, redness, swelling, itching, stinging irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

295.    Plaintiff, Walter Randle, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 3775 12th St., Ecorse, MI 48229 and brings this action in his individual capacity.

296.    Plaintiff Walter Randle purchased Just For Men® in or about May 2014. Plaintiff Walter Randle applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Walter Randle suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

297.    Plaintiff, Richard Kleege, is and was at all times alleged herein a citizen of the State of Nebraska and currently resides at 4630 South 45th Street Lincoln, NE 68516 and brings this action in his individual capacity.

298.    Plaintiff Richard Kleege purchased Just For Men® in or about January 2013. Plaintiff Richard Kleege applied Just For Men® as directed in or about January 2013. In or about January 2013, Plaintiff Richard Kleege suffered a severe reaction to Just For Men® including but

not limited to a rash, redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, and hair loss. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

299.    Plaintiff, Sylvia Young, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 2644 Prospect Church Road, Mooresboro, NC 28114 and brings this action in his individual capacity.

300.    Plaintiff Sylvia Young purchased Just For Men® in or about February 2014. Plaintiff Sylvia Young applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Sylvia Young suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, stinging, itching, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

301.    Plaintiff, Larry Hawkins, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at 4321 Mohawk Drive, Madison, WI 53711 and brings this action in his individual capacity.

302.    Plaintiff Larry Hawkins purchased Just For Men® in or about April 2014. Plaintiff Larry Hawkins applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Larry Hawkins suffered a severe reaction to Just For Men® including but not limited to oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

303.    Plaintiff, Donnie Wooden, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 7225 Central Ave. Savannah, GA 31406 and brings this action in his individual capacity.

304.   Plaintiff Donnie Wooden purchased Just For Men® in or about August 2014. Plaintiff Donnie Wooden applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Donnie Wooden suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

305.   Plaintiff, Karl McAlister, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at PO Box 1858, Dillion, SC 29536 and brings this action in his individual capacity.

306.   Plaintiff Karl McAlister purchased Just For Men® in or about February 2014. Plaintiff Karl McAlister applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Karl McAlister suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and skin discoloration.

307.   Plaintiff, Brian Costner, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 1018 West 6th Ave. Gastonia, NC 28052 and brings this action in his individual capacity.

308.   Plaintiff Brian Costner purchased Just For Men® in or about March 2014. Plaintiff Brian Costner applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Brian Costner suffered a severe reaction to Just For Men® including but not limited to redness, itching, irritation, sores, blisters, and burning.

309.   Plaintiff, Clinton Blake, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 908 Price Ave, Apt. B, Durham, NC 27701 and brings this action in his individual capacity.

310.     Plaintiff Clinton Blake purchased Just For Men® in or about February 2014. Plaintiff Clinton Blake applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Clinton Blake suffered a severe reaction to Just For Men® including but not limited to a rash swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and discoloration, infection and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

311.     Plaintiff, Vincent Anglebrandt, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 3440 County Line Rd., Onaway, MI 49765 and brings this action in his individual capacity.

312.     Plaintiff Vincent Anglebrandt purchased Just For Men® in or about August 2014. Plaintiff Vincent Anglebrandt applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Vincent Anglebrandt suffered a severe reaction to Just For Men® including but not limited to oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

313.     Plaintiff, Melvin Todd, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 861 Massey Dr. Coldwater, MS 38618 and brings this action in his individual capacity.

314.     Plaintiff Melvin Todd purchased Just For Men® in or about July 2015. Plaintiff Melvin Todd applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Melvin Todd suffered a severe reaction to Just For Men® including but not limited to itching, irritation, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

315.     Plaintiff, George Friendly is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at PO Box 283, Powells Point, NC 27966 and brings this action in his individual capacity.

316.     Plaintiff George Friendly purchased Just For Men® in or about February 2014. Plaintiff George Friendly applied Just For Men® as directed in or about Friendly 2014. In or about February 2014, Plaintiff George Friendly suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration, infection and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

317.     Plaintiff, Jeffrey Baker, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 7324 Forrer St., Detroit, MI 48228 and brings this action in his individual capacity.

318.     Plaintiff Jeffrey Baker purchased Just For Men® in or about February 2014. Plaintiff Jeffrey Baker applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Jeffrey Baker suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, oozing, weeping, burning, and contact dermatitis.

319.     Plaintiff, Johnnie Hamilton, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 19424 Healy Street, Detroit, MI 48234 and brings this action in his individual capacity.

320.     Plaintiff Johnnie Hamilton purchased Just For Men® in or about 2014. Plaintiff Johnnie Hamilton applied Just For Men® as directed in or about 2014. In or about 2014, Plaintiff Johnnie Hamilton suffered a severe reaction to Just For Men® including but not limited to

redness, swelling, itching, a rash, stinging, irritation, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

321.     Plaintiff, Rickey Person, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 1255 N. Eufaula Ave, Lot 29, Eufaula, AL 36027 and brings this action in his individual capacity.

322.     Plaintiff Rickey Person purchased Just For Men® in or about March 2015. Plaintiff Rickey Person applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Rickey Person suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring, permanent skin discoloration and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

323.     Plaintiff, George Peterson, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 209 Williams St., Orange, NJ 07050 and brings this action in his individual capacity.

324.     Plaintiff George Peterson purchased Just For Men® in or about March 2015. Plaintiff George Peterson applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff George Peterson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

325.     Plaintiff, Richard Hendricks, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 12125 Ridge Road, Forney, TX 75126 and brings this action in his individual capacity.

326.     Plaintiff Richard Hendricks purchased Just For Men® in or about November 2014. Plaintiff Richard Hendricks applied Just For Men® as directed in or about November 2014. In or

about November 2014, Plaintiff Richard Hendricks suffered a severe reaction to Just For Men®
including but not limited to redness, itching, a rash, stinging, irritation, oozing, weeping, sores,
blisters, burning, permanent scarring and discoloration. As a result of injuries sustained after
applying Just For Men®, Plaintiff obtained medical treatment.

327.   Plaintiff, Alphonso Lesesne, is and was at all times alleged herein a citizen of the
State of Texas and currently resides at 938 Kingwood Dr. Apt. 614, Kingwood, TX 77339 and
brings this action in his individual capacity.

328.   Plaintiff Alphonso Lesesne purchased Just For Men® in or about February 2015.
Plaintiff February 2015 applied Just For Men® as directed in or about February 2015. In or about
February 2015, Plaintiff Alphonso Lesesne suffered a severe reaction to Just For Men® including
but not limited to redness, swelling, itching, a rash, stinging, irritation, burning, and permanent
skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff
obtained medical treatment.

329.   Plaintiff, Luis Ortiz, is and was at all times alleged herein a citizen of the State of
Pennsylvania and currently resides at 3640 6th Street, Philadelphia, PA 19140 and brings this
action in his individual capacity.

330.   Plaintiff Luis Ortiz purchased Just For Men® in or about April 2015. Plaintiff Luis
Ortiz applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff
Luis Ortiz suffered a severe reaction to Just For Men® including but not limited to redness,
swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning and
infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained
medical treatment.

331.    Plaintiff, Robert Purnell, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 20 Primrose Rd., Sicklerville, NJ 08081 and brings this action in his individual capacity.

332.    Plaintiff Robert Purnell purchased Just For Men® in or about November 2014. Plaintiff Robert Purnell applied Just For Men® as directed in or about November 2014. In or about November 2014, Plaintiff Robert Purnell suffered a severe reaction to Just For Men® including but not limited to itching, oozing, weeping, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

333.    Plaintiff, Johnny Haynes, is and was at all times alleged herein a citizen of the State of West Virginia and currently resides at 5444 Sissonbille Drive, Charleston, WV 25312 and brings this action in his individual capacity.

334.    Plaintiff Johnny Haynes purchased Just For Men® in or about May 2015. Plaintiff Johnny Haynes applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff Johnny Haynes suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, sores, blisters, burning, permanent skin discoloration and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

335.    Plaintiff, David Calvert, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 68 County Rd. 411, Lot 7, Town Creek, AL 35672 and brings this action in his individual capacity.

336.    Plaintiff David Calvert purchased Just For Men® in or about April 2015. Plaintiff David Calvert applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff David Calvert suffered a severe reaction to Just For Men® including but not limited to a

rash, swelling, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

337.    Plaintiff, Bobby Dowell, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1109 Tonyalynn St. Ennis, TX 75119 and brings this action in his individual capacity.

338.    Plaintiff Bobby Dowell purchased Just For Men® in or about March 2015. Plaintiff Bobby Dowell applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Bobby Dowell suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

339.    Plaintiff, Antowino Jefferson, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 2367 Rambling Way Lithonia, GA 30058 and brings this action in his individual capacity.

340.    Plaintiff Antowino Jefferson purchased Just For Men® in or about March 2015. Plaintiff Antowino Jefferson applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Antowino Jefferson suffered a severe reaction to Just For Men® including but not limited to swelling and irritation. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

341.    Plaintiff, Leonard Ross, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 12804 Astor Ave., Cleveland, OH 44135 and brings this action in his individual capacity.

342.    Plaintiff Leonard Ross purchased Just For Men® in or about March 2015. Plaintiff Leonard Ross applied Just For Men® as directed in or about March 2015. In or about March

2015, Plaintiff Leonard Ross suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

343.    Plaintiff, Jeffrey Jackson, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 1005 Luling Estate Dr., Luling, LA 70070 and brings this action in his individual capacity.

344.    Plaintiff Jeffrey Jackson purchased Just For Men® in or about September 2015. Plaintiff Jeffrey Jackson applied Just For Men® as directed in or about September 2015. In or about September 2015, Plaintiff Jeffrey Jackson suffered a severe reaction to Just For Men® including but not limited to a rash, itching, swelling, sores, burns and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

345.    Plaintiff, Ferando Green, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 765 Bridge Port Dr. Streetsboro, OH 44241 and brings this action in his individual capacity.

346.    Plaintiff Ferando Green purchased Just For Men® in or about December 2015. Plaintiff Ferando applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Ferando Green suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

347.    Plaintiff, Marcus Parker, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 9484 Lakeview Rd. Union City, GA 30291 and brings this action in his individual capacity.

348.    Plaintiff Marcus Parker purchased Just For Men® in or about March 2015. Plaintiff Marcus Parker applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Marcus Parker suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

349.    Plaintiff, Anthony Brown, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 107 Hillcrest, Apt. 6 Madison, TN 37115 and brings this action in his individual capacity.

350.    Plaintiff Anthony Brown purchased Just For Men® in or about March 2016. Plaintiff Anthony Brown applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Anthony Brown suffered a severe reaction to Just For Men® including but not limited to oozing, weeping, sores, and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

351.    Plaintiff, Earl Marshall, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 135 Ignicio Dr. 205-4, Warner Robins, GA 31093 and brings this action in his individual capacity.

352.    Plaintiff Earl Marshall purchased Just For Men® in or about March 2015. Plaintiff Earl Marshall applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Earl Marshall suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, sores, blisters, burning permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

353.    Plaintiff, Corion Chappell, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 2150 N Prairie Creek Rd., #903, Dallas, TX 75227 and brings this action in his individual capacity.

354.    Plaintiff Corion Chappell purchased Just For Men® in or about March 2016. Plaintiff Corion Chappell applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Corion Chappell suffered a severe reaction to Just For Men® including but not limited to redness, swelling, a rash, stinging, irritation, oozing, weeping, sores, blisters, and permanent skin discoloration

355.    Plaintiff, JaMichael Garner, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 431 Tammy Dr. Apt. 14, Powell, TN 37849 and brings this action in his individual capacity.

356.    Plaintiff JaMichael Garner purchased Just For Men® in or about March 2016. Plaintiff JaMichael Garner applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff JaMichael Garner suffered a severe reaction to Just For Men® including but not limited to itching, irritation, swelling, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

357.    Plaintiff, Willie Johnson, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at PO Box 1204, Natalbany, LA 70451 and brings this action in his individual capacity.

358.    Plaintiff Willie Johnson purchased Just For Men® in or about March 2016. Plaintiff Willie Johnson applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Willie Johnson suffered a severe reaction to Just For Men® including but

not limited to burning and skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

359.     Plaintiff, Duane Gilmore, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 5263 E. 102nd St., Garfield Heights, OH 44125 and brings this action in his individual capacity.

360.     Plaintiff Duane Gilmore purchased Just For Men® in or about March 2015. Plaintiff Duane Gilmore applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Duane Gilmore suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rashes, stinging, irritation, oozing, weeping, sores, blisters and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

361.     Plaintiff, Tahrim Jihad, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 13935 S. Grace Ave., Robbins, IL 60472 and brings this action in his individual capacity.

362.     Plaintiff Tahrim Jihad purchased Just For Men® in or about 2015 and in or about 2016 Plaintiff Tahrim Jihad applied Just For Men® as directed in or about 2015 and in or about 2016. In or about 2015 and in or about 2016, Plaintiff Tahrim Jihad suffered a severe reaction to Just For Men® including but not limited to burning, swelling, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

363.     Plaintiff, Duane Pierce, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 871 Brook Ave. Apt 1A, Bronx, NY 10451 and brings this action in his individual capacity.

364.     Plaintiff Duane Pierce purchased Just For Men® in or about March 2016. Plaintiff Duane Pierce applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Tahrim Jihad suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

365.     Plaintiff, Kontoni Turner, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 3542 Ewing St. Dallas, TX 75216 and brings this action in his individual capacity.

366.     Plaintiff Kontoni Turner purchased Just For Men® in or about March 2015. Plaintiff Kontoni Turner applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Kontoni Turner suffered a severe reaction to Just For Men® including but not limited to permanent scarring and skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

367.     Plaintiff, Corinthyn Gleaton, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 3137 Flowers S. Rd. Apt N, Atlanta, GA 30341 and brings this action in his individual capacity.

368.     Plaintiff Corinthyn Gleaton purchased Just For Men® in or about June 2015. Plaintiff Corinthyn Gleaton applied Just For Men® as directed in or about June 2015. In or about June 2015, Plaintiff Corinthyn Gleaton suffered a severe reaction to Just For Men® including but not limited to a rash, burning, itching irritation, permanent discoloration and permanent scarring.

369.     Plaintiff, Jake James Jr., is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 636 Azalea St., Westwego, LA 70094 and brings this action in his individual capacity.

370.    Plaintiff Jake James Jr. purchased Just For Men® in or about March 2016. Plaintiff Jake James Jr. applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Jake James Jr. suffered a severe reaction to Just For Men® including but not limited to irritation, itching, sores, blisters, burning, and permanent scarring and permanent skin discoloration.

371.    Plaintiff, Juan Rideout, is and was at all times alleged herein a citizen of the State of Colorado and currently resides at 846 E. 18th Ave., Denver Colorado and brings this action in his individual capacity.

372.    Plaintiff Juan Rideout purchased Just For Men® in or about March 2015. Plaintiff Juan Rideout applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Juan Rideout suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring, permanent skin discoloration, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

373.    Plaintiff, Carl Clark, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 3646 Avalon Rd. Shaker Heights, OH 44120 and brings this action in his individual capacity.

374.    Plaintiff Carl Clark purchased Just For Men® in or about February 2015. Plaintiff Carl Clark applied Just For Men® as directed in or about February 2015. In or about February 2015, Plaintiff Carl Clark suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

375.    Plaintiff, Keith Sturgis, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 63 Parker Rd. 2nd Floor, Elizabeth, NJ 07208 and brings this action in his individual capacity.

376.    Plaintiff Keith Sturgis purchased Just For Men® in or about March 2015. Plaintiff Keith Sturgis applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Keith Sturgis suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, sores, blisters, burning, permanent scarring and contact dermatitis

377.    Plaintiff, William Brightwell, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 6943 Remsen Dr., Canal Winchester, OH 43110 and brings this action in his individual capacity.

378.    Plaintiff William Brightwell purchased Just For Men® in or about June 2015. Plaintiff June 2015 applied Just For Men® as directed in or about June 2015. In or about April June 2015, Plaintiff William Brightwell suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning, hair loss and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

379.    Plaintiff, William Futrell, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 609 Botton St., Rich Square, NC 27869 and brings this action in his individual capacity.

380.    Plaintiff William Futrell purchased Just For Men® in or about March 2014. Plaintiff William Futrell applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff William Futrell suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, irritation, oozing, weeping, sores, blisters,

burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

381.    Plaintiff, John Evans, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 716 Moss Patch Trail, Jasper, GA 30143 and brings this action in his individual capacity.

382.    Plaintiff John Evans purchased Just For Men® in or about March 2015. Plaintiff John Evans applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff John Evans suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

383.    Plaintiff, Larry Simms, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 715 Burwell St. and brings this action in his individual capacity.

384.    Plaintiff Larry Simms purchased Just For Men® in or about March 2015. Plaintiff Larry Simms applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Larry Simms suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, itching and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

385.    Plaintiff, Carl Kelley, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 2613 Lockwood St. Chattanooga, TN 37406 and brings this action in his individual capacity.

386.    Plaintiff Carl Kelley purchased Just For Men® in or about March 2016. Plaintiff Carl Kelley applied Just For Men® as directed in or about March 2016. In or about March 2016,

Plaintiff Carl Kelley suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, stinging, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

387.   Plaintiff, OC Cruder, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 2061 Douglas Ave., Clearwater, FL 33755 and brings this action in his individual capacity.

388.   Plaintiff OC Cruder purchased Just For Men® in or about March 2013. Plaintiff OC Cruder applied Just For Men® as directed in or about March 2013. In or about March 2013, Plaintiff OC Cruder suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, sores, blisters, burning, and permanent skin discoloration

389.   Plaintiff, Larry Edwards, is and was at all times alleged herein a citizen of the State of Kentucky and currently resides at 4133 Flint Rock Drive, Apt. 31D, Louisville, KY 40216 and brings this action in his individual capacity.

390.   Plaintiff Larry Edwards purchased Just For Men® in or about April 2016. Plaintiff Larry Edwards applied Just For Men® as directed in or about April 2016. In or about April 2016, Plaintiff Larry Edwards suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, irritation, oozing, weeping, sores, blisters, burning, infection, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

391.   Plaintiff, James McNeal is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 106 Crawford Street, West Monroe, LA 71292 and brings this action in his individual capacity.

392.     Plaintiff James McNeal purchased Just For Men® in or about March 2016. Plaintiff James McNeal applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff James McNeal suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, sores, blisters, burning, infection, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

393.     Plaintiff, Paul Outlaw, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 1404 Preston St., Memphis, TN 38106 and brings this action in his individual capacity.

394.     Plaintiff Paul Outlaw purchased Just For Men® in or about March 2016. Plaintiff Paul Outlaw applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Paul Outlaw suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rashes, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

395.     Plaintiff, Shaune Oates, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 6145 Pleasant Ave., Pennsauken, NJ 08110 and brings this action in his individual capacity.

396.     Plaintiff Shaune Oates purchased Just For Men® in or about March 2015. Plaintiff Shaune Oates applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Shaune Oates suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, irritation, oozing, weeping, sores, stinging, blisters, burning, permanent skin discoloration, permanent scarring and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

397.    Plaintiff, Clayvin Thompkins, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 4612 Joe Louis Rd., Apt 190, Knoxville, TN 37920 and brings this action in his individual capacity.

398.    Plaintiff Clayvin Thompkins purchased Just For Men® in or about March 2016. Plaintiff Clayvin Thompkins applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Clayvin Thompkins suffered a severe reaction to Just For Men® including but not limited to a rash, redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration, scarring, and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

399.    Plaintiff, Jerald Darling, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 1506 Parkway View Circle, Apt. 101, Memphis, TN 38106 and brings this action in his individual capacity.

400.    Plaintiff Jerald Darling purchased Just For Men® in or about March 2016. Plaintiff Jerald Darling applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Jerald Darling suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

401.    Plaintiff, John Taylor, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 4281 Donna Way, Lithonia, GA 30038 and brings this action in his individual capacity.

402.    Plaintiff John Taylor purchased Just For Men® in or about March 2015. Plaintiff John Taylor applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff John Taylor suffered a severe reaction to Just For Men® including but not limited to

itching, irritation, sores, blisters, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

403.     Plaintiff, John Nelson, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 5521 Catherine St. Philadelphia, PA 19143 and brings this action in his individual capacity.

404.     Plaintiff John Nelson purchased Just For Men® in or about March 2015. Plaintiff John Nelson applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff John Nelson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, stinging, sores, blisters, burning, and permanent skin discoloration.

405.     Plaintiff, Joseph Desrosiers, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 206 Hilltop Ave., Garner, NC 27529 and brings this action in his individual capacity.

406.     Plaintiff Joseph Desrosiers purchased Just For Men® in or about February 2014. Plaintiff Joseph Desrosiers applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Joseph Desrosiers suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

407.     Plaintiff, Christopher Colon, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 15 Mallard rd., Worcester, MA 01607 and brings this action in his individual capacity.

408.     Plaintiff Christopher Colon purchased Just For Men® in or about February 2014. Plaintiff Christopher Colon applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Christopher Colon suffered a severe reaction to Just For Men®

including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

409.    Plaintiff, Herbert Mckie, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 1903 Elise Dr. Columbia, SC 29210 and brings this action in his individual capacity.

410.    Plaintiff Herbert Mckie purchased Just For Men® in or about March 2014. Plaintiff Herbert Mckie applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Herbert Mckie suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, oozing, weeping, sores, blisters, burning, infection and contact dermatitis. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

411.    Plaintiff, Steven Tenaglia, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 5233 Shoreview Dr., Concord, NC and brings this action in his individual capacity.

412.    Plaintiff Steven Tenglia purchased Just For Men® in or about March 2014. Plaintiff Steven Tenglia applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Steven Tenglia suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, itching, sores, blisters, burning, permanent skin discoloration and scarring.

413.    Plaintiff, Kim Duncan, is and was at all times alleged herein a citizen of the State of Michigan and currently resides at 15847 Washburn Street, Detroit, MI 48238 and brings this action in his individual capacity.

414.    Plaintiff Kim Duncan purchased Just For Men® in or about March 2014. Plaintiff Kim Duncan applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Kim Duncan suffered a severe reaction to Just For Men® including but not limited to redness, irritation, burning and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

415.    Plaintiff, Kevin Quinlan, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 89 Pleasant St. # 1, North Attleboro, MA 02760 and brings this action in his individual capacity.

416.    Plaintiff Kevin Quinlan purchased Just For Men® in or about March 2014. Plaintiff Kevin Quinlan applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Kevin Quinlan suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

417.    Plaintiff, John Schulz, is and was at all times alleged herein a citizen of the State of Wisconsin and currently resides at 9056 Marion Lane, Fremont, WI 54940 and brings this action in his individual capacity.

418.    Plaintiff John Schulz purchased Just For Men® in or about March 2014. Plaintiff John Schulz applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff John Schulz suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, and permanent skin discoloration.

419.    Plaintiff, CW Elston, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 56 Howard Hill Rd., Macon, MS 39341 and brings this action in his individual capacity.

420.    Plaintiff CW Elston purchased Just For Men® in or about March 2014. Plaintiff CW Elston applied Just For Men® as directed in or about CW Elston. In or about March 2014, Plaintiff CW Elston suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, permanent skin discoloration and scarring.

421.    Plaintiff, Francis Veader, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 3202 Glenmore Ave., Baltimore, MD 21214 and brings this action in his individual capacity.

422.    Plaintiff Francis Veader purchased Just For Men® in or about March 2014. Plaintiff March 2014 applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Francis Veader suffered a severe reaction to Just For Men® including but not limited to a rash, redness, itching, oozing, weeping, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

423.    Plaintiff, John Harvey, is and was at all times alleged herein a citizen of the State of Alaska and currently resides at 178 Benjamin Ln, Pearcy, AK 71964 and brings this action in his individual capacity.

424.    Plaintiff John Harvey purchased Just For Men® in or about May 2014. Plaintiff John Harvey applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff John Harvey suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation,  and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

425.    Plaintiff, Melvin Carroll, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 2528 Wheatfield Dr., Greensboro, NC 27405 and brings this action in his individual capacity.

Case 3:16-cv-00841-SMY   Document 1-1   Filed 07/25/16   Page 77 of 128   Page ID #110

426.    Plaintiff Melvin Carrol purchased Just For Men® in or about March 2014. Plaintiff March 2014 applied Just For Men® as directed in or about March 2014. In or about March 2013, Plaintiff Melvin Carroll suffered a severe reaction to Just For Men® including but not limited to burning, permanent skin discoloration, and permanent scarring.

427.    Plaintiff, James Booker, is and was at all times alleged herein a citizen of the State of Arkansas and currently resides at PO Box 583, Lepanto, AR 72354 and brings this action in his individual capacity.

428.    Plaintiff James Booker purchased Just For Men® in or about March 2014. Plaintiff James Booker applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff James Booker suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

429.    Plaintiff, Ramon Epperson, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 1893 Brickyard Rd., Sylacauga, AL 35153 and brings this action in his individual capacity.

430.    Plaintiff Ramon Epperson purchased Just For Men® in or about March 2014. Plaintiff Ramon Epperson applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Ramon Epperson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, rashes, irritation, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

431.   Plaintiff, Alberta Spann, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 414 Chatham T, West Palm Beach, FL 33417 and brings this action in his individual capacity.

432.   Plaintiff Alberta Spann purchased Just For Men® in or about March 2013. Plaintiff Alberta Spann applied Just For Men® as directed in or about March 2013. In or about March 2013, Plaintiff Alberta Spann suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

433.   Plaintiff, Larry Jones, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 401 Shade Crest Dr., Panama City, FL 32404 and brings this action in his individual capacity.

434.   Plaintiff Larry Jones purchased Just For Men® in or about March 2014. Plaintiff Larry Jones applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Larry Jones suffered a severe reaction to Just For Men® including but not limited to a rash, redness, itching, irritation, sores, blisters, burning, infection and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

435.   Plaintiff, Richard Blue, is and was at all times alleged herein a citizen of the State of California and currently resides at 8720 7th St. Victorville, CA 92392 and brings this action in his individual capacity.

436.   Plaintiff Richard Blue purchased Just For Men® in or about March 2015. Plaintiff Richard Blue applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Richard Blue suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, infection and permanent

scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

437.   Plaintiff, Hank Sharp, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 29 Hillside Dr. Sussex, NJ 07461 and brings this action in his individual capacity.

438.   Plaintiff Hank Sharp purchased Just For Men® in or about April 2015. Plaintiff Hank Sharp applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Hank Sharp suffered a severe reaction to Just For Men® including but not limited to redness, swelling, a rash, infection, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

439.   Plaintiff, Ronald Williams, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 1833 S. 21st Street, Philadelphia, PA 19145 and brings this action in his individual capacity.

440.   Plaintiff Ronald Williams purchased Just For Men® in or about April 2015. Plaintiff Ronald Williams applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Ronald Williams suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

441.   Plaintiff, Darren Reale, is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 6201 W. Desert Cove Ave., Glendale, AZ 85304 and brings this action in his individual capacity.

442.   Plaintiff Darren Reale purchased Just For Men® in or about April 2015. Plaintiff Darren Reale applied Just For Men® as directed in or about April 2015. In or about April 2015,

Plaintiff Darren Reale suffered a severe reaction to Just For Men® including but not limited to redness, swelling, stinging, a rash, irritation, oozing, weeping, sores, blisters, and burning.

443.     Plaintiff, Dennis Lee, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 1004 S. Oakley St., Chicago, IL 60612 and brings this action in his individual capacity.

444.     Plaintiff Dennis Lee purchased Just For Men® in or about April 2015. Plaintiff Dennis Lee applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Dennis Lee suffered a severe reaction to Just For Men® including but not limited to swelling, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

445.     Plaintiff, Edwin Adams, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 475 Willard Ave., SW, Atlanta, GA 30310 and brings this action in his individual capacity.

446.     Plaintiff Edwin Adams purchased Just For Men® in or about March 2015. Plaintiff Edwin Adams applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Edwin Adams suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

447.     Plaintiff, Arthur Johnson, is and was at all times alleged herein a citizen of the State of Pennslyvania and currently resides at 2035 Morris St., Philadelphia, PA 19145 and brings this action in his individual capacity.

448.    Plaintiff Arthur Johnson purchased Just For Men® in or about March 2015.
Plaintiff Arthur Johnson applied Just For Men® as directed in or about March 2015. In or about
March 2015, Plaintiff Arthur Johnson suffered a severe reaction to Just For Men® including but
not limited to redness, swelling, itching, a rash, sores, blisters, burning, and infection. As a result
of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

449.    Plaintiff, Raphael Huntt, is and was at all times alleged herein a citizen of the
State of Georgia and currently resides at 1087 Traymore Dr., Norcross, GA 30093 and brings
this action in his individual capacity.

450.    Plaintiff Raphael Huntt purchased Just For Men® in or about April 2015. Plaintiff
Raphael Huntt applied Just For Men® as directed in or about April 2015. In or about April 2015,
Plaintiff Rapheal Huntt suffered a severe reaction to Just For Men® including but not limited to
redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning,
infection and permanent skin discoloration. As a result of injuries sustained after applying Just
For Men®, Plaintiff obtained medical treatment.

451.    Plaintiff, Curtis Ferguson, is and was at all times alleged herein a citizen of the
State of Virginia and currently resides at 6035 Jefferson Ave. Apt. 232, Newport News, VA
23605 and brings this action in his individual capacity.

452.    Plaintiff Curtis Ferguson purchased Just For Men® in or about April 2015.
Plaintiff Curtis Ferguson applied Just For Men® as directed in or about April 2015. In or about
April 2015, Plaintiff Curtis Ferguson suffered a severe reaction to Just For Men® including but
not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores,
blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®,
Plaintiff obtained medical treatment.

453.    Plaintiff, Gregory Pressley, is and was at all times alleged herein a citizen of the State of New Jersey and currently resides at 214 Miller Ave., Lawnside, NJ 08045 and brings this action in his individual capacity.

454.    Plaintiff Gregory Pressley purchased Just For Men® in or about March 2015. Plaintiff Gregory Pressley applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Gregory Pressley suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning.

455.    Plaintiff, Aubrey Jenkings, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 406 14th NE, Paris, TX 74560 and brings this action in his individual capacity.

456.    Plaintiff Aubrey Jenkins purchased Just For Men® in or about 2015. Plaintiff Aubrey Jenkins applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Aubrey Jenkins suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, permanent skin discoloration, permanent scarring and hair loss.

457.    Plaintiff, M. C. Lucas, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 412 ½ Short Ash Alley, Greenwood, MS 38930 and brings this action in his individual capacity.

458.    Plaintiff M. C. Lucas purchased Just For Men® in or about May 2015. Plaintiff M. C. Lucas applied Just For Men® as directed in or about May 2015. In or about May 2015, Plaintiff M. C. Lucas suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, sores, blisters, burning, permanent skin discoloration and infection.

459.     Plaintiff, Jeffrey Wilson, is and was at all times alleged herein a citizen of the State of Delaware and currently resides at 23 Topaz Ln., Camden Wyoming, DE 19934 and brings this action in his individual capacity.

460.     Plaintiff Jeffrey Wilson purchased Just For Men® in or about April 2015. Plaintiff Jeffrey Wilson applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Jeffrey Wilson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching a rash, stinging, irritation, sores, blisters, burning, and hair loss. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

461.     Plaintiff, Jesse Hartfield Jr., is and was at all times alleged herein a citizen of the State of Arizona and currently resides at 4417 W Lewis Ave., Phoenix, AZ 85035 and brings this action in his individual capacity.

462.     Plaintiff Jesse Hartfield Jr. purchased Just For Men® in or about April 2015. Plaintiff Jesse Hartfield Jr. applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Jesse Hartfield Jr. suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, permanent skin discoloration and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

463.     Plaintiff, Dexter Crook, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 372 Bald Eagle Way, McDonough, GA 30253 and brings this action in his individual capacity.

464.     Plaintiff Dexter Crook purchased Just For Men® in or about October 2015. Plaintiff Dexter Crook applied Just For Men® as directed in or about October 2015. In or about October 2015, Plaintiff Dexter Crook suffered a severe reaction to Just For Men® including but not limited to itching, redness, irritation, sores, blisters, burning, permanent skin discoloration

and scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

465.    Plaintiff, Donte Fuller, is and was at all times alleged herein a citizen of the State of California and currently resides at 2807 W. Ave. 32, Apt. 4, Los Angeles, CA 90065 and brings this action in his individual capacity.

466.    Plaintiff Donte Fuller purchased Just For Men® in or about January 2013 and in or about July 2015. Plaintiff Donte Fuller applied Just For Men® as directed in or about January 22013 and in or about July 2015. In or about January 2013 and in or about July 2015, Plaintiff Donte Fuller suffered a severe reaction to Just For Men® including but not limited to redness, itching, irritation, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

467.    Plaintiff, Mike Spivey, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 4214 Edinburgh Dr., Cincinnati, OH 45245 and brings this action in his individual capacity.

468.    Plaintiff Mike Spivey purchased Just For Men® in or about April 2015. Plaintiff April 2015 applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Mike Spivey suffered a severe reaction to Just For Men® including but not limited to a rash, stinging, infection, redness, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

469.    Plaintiff, Juan Corrales, is and was at all times alleged herein a citizen of the State of California and currently resides at 1612 Merian Dr., Pleasant Hill, CA 94523 and brings this action in his individual capacity.

470.    Plaintiff Juan Corrales purchased Just For Men® in or about December 2015. Plaintiff Juan Corrales applied Just For Men® as directed in or about December 2015. In or about 2015, Plaintiff Juan Corrales suffered a severe reaction to Just For Men® including but not limited to redness, a rash, irritation and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

471.    Plaintiff, Bianca Allen, is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 6545 N., Sacramento Ave., Chicago, IL 60645 and brings this action in his individual capacity.

472.    Plaintiff Bianca Allen purchased Just For Men® in or about 2015. Plaintiff Bianca Allen applied Just For Men® as directed in or about 2015. In or about 2015, Plaintiff Bianca Allen suffered a severe reaction to Just For Men® including but not limited to itching, redness, irritation, sores, blisters, and burning,.

473.    Plaintiff, Marcus Hollen, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 606 Ashley Circle SW, Marietta, GA 30008 and brings this action in his individual capacity.

474.    Plaintiff Marcus Hollen purchased Just For Men® in or about July 2015. Plaintiff Marcus Hollen applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Marcus Hollen suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

475.    Plaintiff, Freddie Hunt, is and was at all times alleged herein a citizen of the State of Georgia and currently resides at 3466 Iwirn Bridge Rd. NW Conyers, CA 30012 and brings this action in his individual capacity.

476.     Plaintiff Freddie Hunt purchased Just For Men® in or about July 2015. Plaintiff Freddie Hunt applied Just For Men® as directed in or about July 2015. In or about July 2015, Plaintiff Freddie Hunt suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration.

477.     Plaintiff, Douglas Johnson, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 10509 Lariat Lane Apartment 14, Manassas, VA 20109 and brings this action in his individual capacity.

478.     Plaintiff Douglas Johnson purchased Just For Men® in or about December 2015. Plaintiff Douglas Johnson applied Just For Men® as directed in or about December 2015. In or about December 2015, Plaintiff Douglas Johnson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, stinging, itching, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

479.     Plaintiff, Paul Besenti, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 649 Fox Run Rd., Mansfield, OH 44903 and brings this action in his individual capacity.

480.     Plaintiff Paul Besenti purchased Just For Men® in or about March 2015. Plaintiff Paul Besenti applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Paul Besenti suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

481.    Plaintiff, Paul Gibson, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 4155 Nebraska Ave., Toledo, OH 43607 and brings this action in his individual capacity.

482.    Plaintiff Paul Gibson purchased Just For Men® in or about March 2015. Plaintiff Paul Gibson applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff Paul Gibson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, stinging, irritation, oozing, weeping, sores, blisters, burning, infection and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

483.    Plaintiff, Derrick L. Williams, is and was at all times alleged herein a citizen of the State of Missouri and currently resides at 1712 Cha Taquita Terrace, Saint Louis, MO 63138 and brings this action in his individual capacity.

484.    Plaintiff Derrick L. Williams purchased Just For Men® in or about March 2012. Plaintiff Derrick L. Williams applied Just For Men® as directed in or about March 2012. In or about March 2012, Plaintiff Derrick L. Williams suffered a severe reaction to Just For Men® including but not limited to swelling, itching, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

485.    Plaintiff, John Tate, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 1520 Cumberland Dr., Cedar Hill, TX 75104 and brings this action in his individual capacity.

486.    Plaintiff John Tate purchased Just For Men® in or about March 2015. Plaintiff John Tate applied Just For Men® as directed in or about March 2015. In or about March 2015, Plaintiff John Tate suffered a severe reaction to Just For Men® including but not limited to a

rash, redness, irritation, infection, stinging, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

487.    Plaintiff, Robert Ennis, is and was at all times alleged herein a citizen of the State of New York and currently resides at 406 Elmgrove Rd., Rochester, NY 14606 and brings this action in his individual capacity.

488.    Plaintiff Robert Ennis purchased Just For Men® in or about March 2014. Plaintiff Robert Ennis applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Robert Ennis suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

489.    Plaintiff, Paul Hess, is and was at all times alleged herein a citizen of the State of Washington and currently resides at 9244 12th Ave., SW Seattle, WA 98106 and brings this action in his individual capacity.

490.    Plaintiff Paul Hess purchased Just For Men® in or about April 2015. Plaintiff Paul Hess applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Paul Hess suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, itching, sores, blisters, burning, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

491.    Plaintiff, Mario Frausto, is and was at all times alleged herein a citizen of the State of California and currently resides at 1311 E. Denni St. Wilmington, CA 90744 and brings this action in his individual capacity.

492.    Plaintiff Mario Frausto purchased Just For Men® in or about June 2015. Plaintiff Mario Frausto applied Just For Men® as directed in or about June 2015. In or about June 2015,

Plaintiff Mario Frausto suffered a severe reaction to Just For Men® including but not limited to redness, irritation itching, stinging, sores, blisters, burning, and permanent scarring, permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

493.    Plaintiff, David Gonzales, is and was at all times alleged herein a citizen of the State of Utah and currently resides at 305 North 340 East Ivins, UT 84738 and brings this action in his individual capacity.

494.    Plaintiff David Gonzales purchased Just For Men® in or about April 2015. Plaintiff David Gonzales applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff David Gonzales suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, stinging, sores, blisters, burning, contact dermatitis, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

495.    Plaintiff, Degamerino Burke, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 3209 Prang Dr., Cuyahoga Falls, OH 44223 and brings this action in his individual capacity.

496.    Plaintiff Degamerino Burke purchased Just For Men® in or about October 2010. Plaintiff Degamerino applied Just For Men® as directed in or about October 2010. In or about October 2010, Plaintiff Degamerion suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning.

497.    Plaintiff, Anthony Calabrese, is and was at all timespre alleged herein a citizen of the State of Ohio and currently resides at 9530 Crackel Rd., Aurora, OH 44202 and brings this action in his individual capacity.

498.     Plaintiff Anthony Calabrese purchased Just For Men® in or about April 2015. Plaintiff Anthony Calabrese applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Anthony Calabrese suffered a severe reaction to Just For Men® including but not limited to redness, swelling, stinging, irritation, and burning.

499.     Plaintiff, Laneal Baker, is and was at all times alleged herein a citizen of the State of California and currently resides at 14405 Unity Court, Moreno Valley, CA 92553 and brings this action in his individual capacity.

500.     Plaintiff Laneal Baker purchased Just For Men® in or about April 2015. Plaintiff Laneal Baker applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Laneal Baker suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, stinging, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

501.     Plaintiff, Bernard Smith, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 6505 Highview Terrace, Haltom City, TX 76148 and brings this action in his individual capacity.

502.     Plaintiff Bernard Smith purchased Just For Men® in or about April 2015 and April 2016. Plaintiff Bernard Smith applied Just For Men® as directed in or about April 2015 and April 2016. In or about April 2015 and April 2016, Plaintiff Bernard Smith suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

503.     Plaintiff, Gary Tuttle, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 15212 Maplepark Drive 16, Maple Heights, OH 44137 and brings this action in his individual capacity.

504.     Plaintiff Gary Tuttle purchased Just For Men® in or about April 2015. Plaintiff Gary Tuttle applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Gary Tuttle suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, contact dermatitis and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

505.     Plaintiff, Joe Brooks, is and was at all times alleged herein a citizen of the State of Nevada and currently resides at P. O. Box 7002 Gardnerville, NV 89460 and brings this action in his individual capacity.

506.     Plaintiff Joe Brooks purchased Just For Men® in or about April 2015. Plaintiff Joe Brooks applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Joe Brooks suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, stinging, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

507.     Plaintiff, Shannon White, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 5821 Crittenden St., Philadelphia, PA 19138 and brings this action in his individual capacity.

508.     Plaintiff Shannon White purchased Just For Men® in or about April 2015. Plaintiff Shannon White applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Shannon White suffered a severe reaction to Just For Men® including but not limited to swelling, itching, a rash, irritation, sores, and blisters. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

509.    Plaintiff, Donald Pressley Sr., is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 645 Tree Haven Dr., Birmingham, AL 35214 and brings this action in his individual capacity.

510.    Plaintiff Donald Pressley Sr. purchased Just For Men® in or about April 2015. Plaintiff Donald Pressley Sr. applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Donald Pressley suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, itching, stinging, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

511.    Plaintiff, Derrick Bivens, is and was at all times alleged herein a citizen of the State of Pennsylvania and currently resides at 350 Kerlin St. Chester, PA 19013 and brings this action in his individual capacity.

512.    Plaintiff Derrick Bivens purchased Just For Men® in or about April 2015. Plaintiff Derrick Bivens applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Derrick Bivens suffered a severe reaction to Just For Men® including but not limited to redness, irritation, itching, stinging, oozing, weeping, sores, blisters, burning, permanent scarring and permanent skin discoloration.

513.    Plaintiff, Kriss Williams, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 11303 Dunbrook Apt. 201 Richmond, VA 23235 and brings this action in his individual capacity.

514.    Plaintiff Kriss Williams purchased Just For Men® in or about April 2015. Plaintiff Kriss Williams applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Kriss Williams suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, itching oozing, weeping, sores, blisters, permanent scarring and

permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

515.    Plaintiff, Michael Adkins, is and was at all times alleged herein a citizen of the State of Ohio and currently resides at 2192 Meter Rd. Lakeside Marblehead, OH 43440 and brings this action in his individual capacity.

516.    Plaintiff Michael Adkins purchased Just For Men® in or about April 2015. Plaintiff Michael Adkins applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Michael Adkins suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, oozing, weeping, sores, blisters, burning, infection, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

517.    Plaintiff, Roy Singleton, is and was at all times alleged herein a citizen of the State of Alabama and currently resides at 3202 Doris Circle, Montgomery, AL 36105 and brings this action in his individual capacity.

518.    Plaintiff Roy Singleton purchased Just For Men® in or about April 2015. Plaintiff Roy Singleton applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Roy Singleton suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, sores, blisters, burning, permanent scarring and permanent skin discoloration.

519.    Plaintiff, Oscar Stitt, is and was at all times alleged herein a citizen of the State of California and currently resides at 1500 Danbrook Dr., Sacramento, CA 95825 and brings this action in his individual capacity.

520.    Plaintiff Oscar Stitt purchased Just For Men® in or about April 2015. Plaintiff Oscar Stitt applied Just For Men® as directed in or about April 2015. In or about April 2015,

Plaintiff Oscar Stitt suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, itching, stinging, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

521.   Plaintiff, Edward Bowser, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 2300 Desire St., New Orleans, LA 70117 and brings this action in his individual capacity.

522.   Plaintiff Edward Bowser purchased Just For Men® in or about April 2016. Plaintiff Edward Bowser applied Just For Men® as directed in or about April 2016. In or about April 2016, Plaintiff Edward Bowser suffered a severe reaction to Just For Men® including but not limited to redness, swelling irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

523.   Plaintiff, Shatyrus Eurings, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 816 Forstall St., New Orleans, LA 70117 and brings this action in his individual capacity.

524.   Plaintiff Shatyrus Eurings purchased Just For Men® in or about April 2016. Plaintiff Shatyrus Eurings applied Just For Men® as directed in or about April 2016. In or about April 2016, Plaintiff Shatyrus Eurings suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

525.   Plaintiff, Ronald Robinson, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 18041 Hooshootoo Rd., Baton Rouge, LA 70817 and brings this action in his individual capacity.

526.     Plaintiff Ronald Robinson purchased Just For Men® in or about April 2016. Plaintiff Ronald Robinson applied Just For Men® as directed in or about April 2016. In or about April 2016, Plaintiff Ronald Robinson suffered a severe reaction to Just For Men® including but not limited to a rash, swelling, redness, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

527.     Plaintiff, Eugene Fifer, is and was at all times alleged herein a citizen of the State of Tennessee and currently resides at 3678 Buffalo Rd., Memphis, TN 38109 and brings this action in his individual capacity.

528.     Plaintiff Eugene Fifer purchased Just For Men® in or about March 2016. Plaintiff Eugene Fifer applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Eugene Fifer suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

529.     Plaintiff, Vincent Dunbar, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 5685 Morris St., Carville, LA 70721 and brings this action in his individual capacity.

530.     Plaintiff Vincent Dunbar purchased Just For Men® in or about March 2016 Plaintiff Vincent Dunbar applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Vincent Dunbar suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, a rash, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

531.	Plaintiff, Emanuel Wilson, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 1512 Mandolin St., New Orleans, LA 70122 and brings this action in his individual capacity.

532.	Plaintiff Emanuel Wilson purchased Just For Men® in or about April 2016. Plaintiff Emanuel Wilson applied Just For Men® as directed in or about April 2016. In or about April 2016, Plaintiff Emanuel Wilson suffered a severe reaction to Just For Men® including but not limited to redness, swelling, itching, irritation, oozing, weeping, sores, blisters, burning, and permanent scarring.

533.	Plaintiff, Sammy Price, is and was at all times alleged herein a citizen of the State of Louisiana and currently resides at 210 Ventre Blvd., Opelousas, LA 70570 and brings this action in his individual capacity.

534.	Plaintiff Sammy Price purchased Just For Men® in or about April 2016. Plaintiff Sammy Price applied Just For Men® as directed in or about April 2016. In or about April 2016, Plaintiff Sammy Price suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, oozing, weeping, sores, blisters, and burning.

535.	Plaintiff, Frederick Murray, is and was at all times alleged herein a citizen of the State of Kentucky and currently resides at 1270 S. Preston St., Louisville, KY 40203 and brings this action in his individual capacity.

536.	Plaintiff Frederick Murray purchased Just For Men® in or about March 2016. Plaintiff Frederick Murray applied Just For Men® as directed in or about March 2016. In or about March 2016, Plaintiff Frederick Murray suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

537.    Plaintiff, David Lockett, is and was at all times alleged herein a citizen of the State of Kentucky and currently resides at 2427 Pirtle St., Louisville, KY 40212 and brings this action in his individual capacity.

538.    Plaintiff David Lockett purchased Just For Men® in or about April 2016. Plaintiff David Lockett applied Just For Men® as directed in or about April 2016. In or about April 2016, Plaintiff David Lockett suffered a severe reaction to Just For Men® including but not limited to swelling itching, irritation, a rash, sores, blisters, burning, and permanent skin discoloration..

539.    Plaintiff, John Sen, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 109 Hunts Bluff Road, Sparks Glencoe, MD 21152 and brings this action in his individual capacity.

540.    Plaintiff John Sen purchased Just For Men® in or about March 2014. Plaintiff John Sen applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff John Sen suffered a severe reaction to Just For Men® including but not limited to redness, swelling, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

541.    Plaintiff, Jeffries Toro, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 5361 SW 129th Place, Ocala, FL 34473 and brings this action in his individual capacity.

542.    Plaintiff Jeffries Toro purchased Just For Men® in or about March 2013. Plaintiff Jeffries Toro applied Just For Men® as directed in or about March 2013. In or about March 2013, Plaintiff Jeffries Toro suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

543.    Plaintiff, Troy Thomas, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 13135 Larchdale Road, Apt. 9, Laurel MD 20708 and brings this action in his individual capacity.

544.    Plaintiff Troy Thomas purchased Just For Men® in or about May 2014. Plaintiff Troy Thomas applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Troy Thomas suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, hair loss and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

545.    Plaintiff, Kenneth Hitchcock, is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 40143 McDuffie Cemetery Rd., Hamilton, MS 39746 and brings this action in his individual capacity.

546.    Plaintiff Kenneth Hitchcock purchased Just For Men® in or about April 2014. Plaintiff Kenneth Hitchcock applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Kenneth Hitchcock suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

547.    Plaintiff, Harold Hazard, is and was at all times alleged herein a citizen of the State of Rhode Island and currently resides at 54 King St. Apt. 5, East Greenwich, RI 02818 and brings this action in his individual capacity.

548.    Plaintiff Harold Hazard purchased Just For Men® in or about April 2014. Plaintiff Harold Hazard applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Harold Hazard suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration.

As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

549.    Plaintiff, Jimmie Trevino, is and was at all times alleged herein a citizen of the State of New Mexico and currently resides at 421 Wilshire Dr. SW, Albuquerque, NM 87105 and brings this action in his individual capacity.

550.    Plaintiff Jimmie Trevino purchased Just For Men® in or about 2014. Plaintiff Jimmie Trevino applied Just For Men® as directed in or about 2014. In or about 2014, Plaintiff Jimmie Trevino suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

551.    Plaintiff, Cedric Woods, is and was at all times alleged herein a citizen of the State of New York and currently resides at 363 E. 150th Street 2A, Bronx, NY 10455 and brings this action in his individual capacity.

552.    Plaintiff Cedric Woods purchased Just For Men® in or about August 2014. Plaintiff Cedric Woods applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Cedric Woods suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

553.    Plaintiff, Arthur Berger, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 918 Kingswood Drive, Rock Hill, SC 29732 and brings this action in his individual capacity.

554.    Plaintiff Arthur Berger purchased Just For Men® in or about June 2013. Plaintiff Arthur Berger applied Just For Men® as directed in or about June 2013. In or about June 2013,

Plaintiff Arthur Berger suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

555.    Plaintiff, Ross Bowens, is and was at all times alleged herein a citizen of the State of South Carolina and currently resides at 7 East Chaucer Road, Greenville, SC 29617 and brings this action in his individual capacity.

556.    Plaintiff Ross Bowens purchased Just For Men® in or about August 2014. Plaintiff Ross Bowens applied Just For Men® as directed in or about August 2014. In or about August 2014, Plaintiff Ross Bowens suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

557.    Plaintiff, Deondra Barnes, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 184 Mizpath, Rockingham, NC 28379 and brings this action in his individual capacity.

558.    Plaintiff Deondra Barnes purchased Just For Men® in or about May 2014. Plaintiff Deondra Barnes applied Just For Men® as directed in or about May 2014. In or about May 2014, Plaintiff Deondra Barnes suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, itching, a rash, sores, blisters, burning, and permanent skin discoloration.

559.    Plaintiff, Ben Zasa, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 13499 Biscayme Blvd., Apt. 606, North Miami, FL 33181 and brings this action in his individual capacity.

560.    Plaintiff Ben Zasa purchased Just For Men® in or about December 2013. Plaintiff Ben Zasa applied Just For Men® as directed in or about December 2013. In or about December 2013, Plaintiff Ben Zasa suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, permanent scarring and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

561.    Plaintiff, Charles Applewhite, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 4121 Sunset Ave. Apt. J, Rocky Mountain, NC 27804 and brings this action in his individual capacity.

562.    Plaintiff Charles Applewhite purchased Just For Men® in or about April 2014 Plaintiff Charles Applewhite applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Charles Applewhite suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

563.    Plaintiff, Earl Lynch, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 4121 Sunset Avenue Apt. H, Rocky Mountain, NC 27804 and brings this action in his individual capacity.

564.    Plaintiff Earl Lynch purchased Just For Men® in or about January 2014. Plaintiff Earl Lynch applied Just For Men® as directed in or about January 2014. In or about January 2014, Plaintiff Earl Lynch suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

565.    Plaintiff, David Dunn, is and was at all times alleged herein a citizen of the State of Massachusetts and currently resides at 30 Chapman Street, Unit 106, East Weymouth, MA 02189 and brings this action in his individual capacity.

566.    Plaintiff David Dunn purchased Just For Men® in or about April 2014. Plaintiff David Dunn applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff David Dunn suffered a severe reaction to Just For Men® including but not limited to a rash, redness, irritation, itching, stinging, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

567.    Plaintiff, Tyrone Shore, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 201 Marshall Street, Greensboro, NC 27401 and brings this action in his individual capacity.

568.    Plaintiff Tyrone Shore purchased Just For Men® in or about March 2014. Plaintiff Tyrone Shore applied Just For Men® as directed in or about March 2014. In or about March 2014, Plaintiff Tyrone Shore suffered a severe reaction to Just For Men® including but not limited to redness, irritation, sores, blisters, burning, permanent scarring and permanent skin discoloration.

569.    Plaintiff, Troy Martin, is and was at all times alleged herein a citizen of the State of Florida and currently resides at 1225 SW Broadview Street and brings this action in his individual capacity.

570.    Plaintiff Troy Martin purchased Just For Men® in or about April 2013. Plaintiff Troy Martin applied Just For Men® as directed in or about April 2013. In or about April 2013, Plaintiff Troy Martin suffered a severe reaction to Just For Men® including but not limited to

redness, irritation, oozing, weeping, sores, blisters, burning, and infection. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

571.     Plaintiff, Leon Washington, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 2104 Country Rd. Apt. T4, District Heights, MD 20747 and brings this action in his individual capacity.

572.     Plaintiff Leon Washington purchased Just For Men® in or about April 2014. Plaintiff Leon Washington applied Just For Men® as directed in or about April 2014. In or about April 2014, Plaintiff Leon Washington suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

573.     Plaintiff, Alvis Starkey Sr., is and was at all times alleged herein a citizen of the State of Mississippi and currently resides at 403 West Marion Ave., Crystal Springs, MS 39059 and brings this action in his individual capacity.

574.     Plaintiff Alvis Starkey Sr. purchased Just For Men® in or about September 2014. Plaintiff Alvis Starkey Sr. applied Just For Men® as directed in or about September 2014. In or about September 2014, Plaintiff Alvis Starkey Sr. suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning.

575.     Plaintiff, Thomas Cameron, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 2877 Treestead Cir, Greensboro, NC 27410 and brings this action in his individual capacity.

576.     Plaintiff Thomas Cameron purchased Just For Men® in or about October 2010. Plaintiff Thomas Cameron applied Just For Men® as directed in or about October 2010. In or about October 2010, Plaintiff Thomas Cameron suffered a severe reaction to Just For Men®

including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

577.    Plaintiff, Michael Makekau, is and was at all times alleged herein a citizen of the State of Hawaii and currently resides at P. O. Box 6442, Hilo, HI 96720 and brings this action in his individual capacity.

578.    Plaintiff Michael Makekau purchased Just For Men® in or about April 2015. Plaintiff Michael Makekau applied Just For Men® as directed in or about April 2015. In or about April 2015, Plaintiff Michael Makekau suffered a severe reaction to Just For Men® including but not limited to redness, irritation, swelling, stinging, oozing, weeping, sores, blisters, burning, permanent scarring, and permanent skin discoloration. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

579.    Plaintiff, John Boneau Sr., is and was at all times alleged herein a citizen of the State of Illinois and currently resides at 5563 Hoxey Dr., Worden, IL 62097 and brings this action in his individual capacity.

580.    Plaintiff John Boneau Sr. purchased Just For Men® in or about May 2010. Plaintiff John Boneau Sr. applied Just For Men® as directed in or about May 2010. In or about May 2010, Plaintiff John Boneau Sr. suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and anaphylactic shock. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

581.    Plaintiff, Roger Herbin, is and was at all times alleged herein a citizen of the State of North Carolina and currently resides at 3614 Akers, High Point, NC 27263 and brings this action in his individual capacity.

582.   Plaintiff Roger Herbin purchased Just For Men® in or about August 2010. Plaintiff Roger Herbin applied Just For Men® as directed in or about August 2010. In or about August 2010, Plaintiff Roger Herbin suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, burning, and anaphylactic shock. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

583.   Plaintiff, Floydell Jackson, is and was at all times alleged herein a citizen of the State of Maryland and currently resides at 4557 Scottsdale Place, Waldorf, MD 20602 and brings this action in his individual capacity.

584.   Plaintiff Floydell Jackson purchased Just For Men® in or about February 2014. Plaintiff Floydell Jackson applied Just For Men® as directed in or about February 2014. In or about February 2014, Plaintiff Floydell Jackson suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning.

585.   Plaintiff, Stanley Pulley, is and was at all times alleged herein a citizen of the State of Virginia and currently resides at 6927 Marlowe Rd., Richmond, VA 23225 and brings this action in his individual capacity.

586.   Plaintiff Stanley Pulley purchased Just For Men® in or about 2014. Plaintiff Stanley Pulley applied Just For Men® as directed in or about 2014. In or about 2014, Plaintiff Stanley Pulley suffered a severe reaction to Just For Men® including but not limited to redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained after applying Just For Men®, Plaintiff obtained medical treatment.

587.   Plaintiff, Manuel Griffin, is and was at all times alleged herein a citizen of the State of Texas and currently resides at 4708 Mallard Lane, Killeen, TX 76542 and brings this action in his individual capacity.

588.    Plaintiff Manuel Griffin purchased Just For Men® in or about April 2013. Plaintiff

Manuel Griffin applied Just For Men® as directed in or about April 2013. In or about April 2013,

Plaintiff Manuel Griffin suffered a severe reaction to Just For Men® including but not limited to

redness, irritation, oozing, weeping, sores, blisters, and burning. As a result of injuries sustained

after applying Just For Men®, Plaintiff obtained medical treatment.

589.    Plaintiff, Andrew Revada, is and was at all times alleged herein a citizen of the

State of California and currently resides at 333 W. Howard Street, Pasadena, California 91103

and brings this action in his individual capacity.

590.    Plaintiff Andrew Revada purchased Just For Men® in or about November 2015.

Plaintiff Andrew Revada applied Just For Men® as directed in or about November 2015. In or

about November 2015, Plaintiff Andrew Revada suffered a severe reaction to Just For Men®

including but not limited to swelling, burning, stinging, sores, irritation, scarring, and skin

discoloration.  As a result of injuries sustained after applying Just For Men®, Plaintiff obtained

medical treatment.

591.    As alleged herein, as a direct and proximate result of Defendants' negligence and

wrongful conduct, and the unreasonably dangerous and defective characteristics of Just For

Men®, Plaintiffs have suffered severe physical injuries. Plaintiffs have endured substantial pain,

suffering and embarrassment. Plaintiffs have incurred significant expenses for medical care and

treatment, and will continue to incur such expenses in the future. Plaintiffs have individually

suffered, and will continue to suffer economic loss, and have otherwise been physically,

emotionally and economically injured. Plaintiffs' injuries and damages are permanent and will

continue into the future. Plaintiffs seek damages from Defendants as alleged herein.

## FIRST CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DEFECTIVE MANUFACTURING

592.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as

if fully set forth herein and further alleges as follows:

593.   The Just For Men® manufactured, designed, sold, distributed, supplied and/or placed in the stream of commerce by Defendants, was defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

594.   As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied and introduced into the stream of commerce by Defendants, Plaintiffs suffered harm, damages and economic loss and will continue to suffer such harm.

595.   Upon information and belief, one or more "lots" and/or "batches" of Just For Men® were defective in its manufacture and construction when it left the hands of Defendants in that it deviated from product specifications posing a serious risk of injury.

596.   Upon information and belief, one or more Plaintiffs purchased and was injured by one or more of the "lots" and/or "batches" of Just For Men® that was defectively manufactured by Defendants.

597.   Additional information concerning any defective manufacture is in the exclusive custody and control of the Defendants.

598.   As a direct and proximate result of the foregoing, Plaintiffs are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY DESIGN DEFECT

599.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

600.     Defendants are the manufacturers, designers, distributors, sellers, and/or suppliers of hair care products and hair dyes including Just For Men®.

601.     The Just For Men® manufactured and supplied by Defendants was defective in design or formulation in that, when it left the hands of the Defendants, the foreseeable risks of the product exceeded the benefits associated with its design or formulation, or it was more dangerous than an ordinary consumer would expect.

602.     The Just For Men® that Plaintiffs used had not been materially altered or modified prior to their use.

603.     The foreseeable risks associated with the design or formulation of Just For Men®, include, but are not limited to, the fact that the design or formulation of Just For Men® is more dangerous than a reasonably prudent consumer would expect when used in an intended or reasonably foreseeable manner.

604.     Just For Men® is also defectively designed because it contains the unreasonably dangerous ingredient PPD, though there are reasonably safer, and effective alternatives to hair dye that do not contain PPD.

605.     Just For Men® is also defectively designed because it causes an unreasonably high rate of adverse dermatological and other reactions in the general populace and to darker skinned populations, specifically, including African-Americans.

606.     Just For Men® is also defectively designed because the patch test selected by Defendants, and the method by which Defendants have chosen to instruct users to conduct the patch test, is unreasonable, unsafe, unreliable, and ineffective,

607.     Just For Men® is also defectively designed because the patch test, and the method

by which Defendants have chosen to instruct users to conduct it, imposes unreasonable and unrealistic standards on users, greatly limiting the effectiveness of the tests, if any. These problems include but are not limited to, the unreasonable instruction to leave the tested area of skin uncovered and undisturbed, when the risk of contamination is unreasonably high.

608.    Just For Men® is also defectively designed because its cautions and/or warnings are inadequate, as set forth in the Complaint, for the following reasons, among others:

      a.    Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

      b.    Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

      c.    Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

      d.    Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

      e.    Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

      f.    Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

609.    As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiffs individually suffered harm, damages and economic loss and will continue

to suffer such harm, damages and economic loss in the future.

610.     As a direct and proximate result of the foregoing, Plaintiffs are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### STRICT PRODUCTS LIABILTY – DEFECT DUE TO INADEQUATE WARNING

611.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

612.     The Just For Men® manufactured and supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew or should have known that the product created significant risks of serious bodily harm to consumers and they failed to adequately warn consumers and/or their health care providers of such risks as follows:

  a. Defendants knew or, in the exercise of reasonable care, should have known that hair care products and dyes such as Just For Men® that are marketed to be used repeatedly as a cosmetic hair product present a risk of severe reactions and permanent scarring and other adverse reactions in large numbers;

  b. Defendants failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk of injuries from use and repeated use of Just For Men®, in light of the likelihood that the product would cause the harm claimed by Plaintiffs and in light of the likely seriousness of that harm.

613.    Defendants, as manufacturers of Just For Men®, are held to the level of knowledge of an expert in the field of that type of hair care product, and had a duty to warn its consumers of the dangers associated with Just For Men® and failed to do so.

614.    Defendants failed to reasonably or adequately warn users of this risks of Just For Men® for the following reasons, among others:

a.    Just For Men® products fail to warn of the rates of adverse reaction among the general population and among certain population groups, such as African Americans;

b.    Defendants minimize and downplay those risks associated with Just For Men® hair dye that they chose to disclose;

c.    Just For Men® products fail to advise its users of the benefits of undergoing a patch test conducted by a medical professional;

d.    Just For Men® products fail to display and advise of the product's risks, proper use, or need to conduct a patch test in an effective and reasonable manner;

e.    Just For Men® products fail to provide adequate or reasonable instructions as to the use of the patch test included with the product; and

f.    Just For Men® products fail to advise users that the patch test, as Defendants have chosen to instruct users to conduct it, of problems with reliability, sensitization, and effectiveness, among others problems.

615.    The Just For Men® manufactured and supplied by Defendants was defective due to inadequate post-marketing warning or instruction because, after Defendants knew or should have known of the risk of serious bodily harm, as set forth herein, from the use of Just For Men®, Defendants failed to provide an adequate warning to consumers of the product, knowing the

111

product could cause serious injury as set forth herein.

616.    Plaintiffs read and followed the deficient instructions and directions that were provided with Defendants Just For Men® products. As a direct and proximate result of Plaintiffs' use of Just For Men® as manufactured, designed, sold, supplied, marketed and introduced into the stream of commerce by Defendants, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

617.    As a direct and proximate result of the foregoing, Plaintiffs are entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILTY DUE TO NON CONFORMANCE WITH REPRESENTATIONS

618.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

619.    As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men® hair dye, and minimized and downplayed those risks they chose to disclose

620.    The Just For Men® manufactured and supplied by Defendants was defective in that, when it left the hands of Defendants, it did not conform to representations made by Defendants concerning the product.

621.     These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiffs.

622.     As a direct and proximate result of Plaintiffs' use of the Just For Men® and their reliance on Defendants' representations regarding the safety of Just For Men®, Plaintiffs individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

623.     As a direct and proximate result of the foregoing, Plaintiffs are individually entitled to damages pursuant to the common law and applicable state statutes. Further, Defendants' actions and omissions as identified in this Complaint constitute a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### NEGLIGENCE

624.     Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

625.     Defendants had a duty to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®, including a duty to insure that Just For Men® did not pose a significantly increased risk of injury to Plaintiffs and other consumers.

626.     Defendants failed to exercise reasonable care in the design, manufacture, testing, marketing and distribution into the stream of commerce of Just For Men®. Defendants knew or should have known that hair dye that is marketed to be used on a regular basis to

113

improve cosmetic appearance presents a risk of severe injuries, including burns, weeping, sores, oozing, scarring and other permanent skin reactions therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, and therefore was not safe for use by Plaintiffs or other consumers.

627.    Defendants failed to exercise reasonable care in the manner and method by which it warned users of the risks associated with use of Just For Men ®, for the reasons set forth in this Complaint.

628.    Defendants failed to exercise reasonable care in the patch test it chose to include with this product, and further failed to exercise reasonable care in the instructions as to how to conduct the patch test, all as set forth elsewhere in the Complaint.

629.    Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants continued to market Just For Men® as a safe and effective hair dye

630.    Despite the fact that Defendants knew or should have known that Just For Men® could cause severe reactions in consumers and therefore giving rise to pain and suffering, debilitation, and the need for medical treatment including possible surgery and further complications, Defendants failed to use ordinary care in warning Plaintiffs and other consumers of this risk.

631.    As a direct and proximate result of Defendants' negligence, Plaintiffs have suffered significant damages, including but not limited to physical injury, pain and suffering and further treatment and will continue to suffer such damages in the future.

632.    In taking the actions and omissions that caused these damages, Defendants were guilty of malice, oppression and fraud.

114

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

633.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

634.   Defendants expressly warranted that Just For Men® was a safe and effective hair dye.

635.   Defendants expressly warrant that their product is safe and effective and that Just for Men® products "are backed by over three decades of research and have delivered great results over 50 million times."

636.   The Just For Men® manufactured and sold by Defendants did not conform to these express representations because it caused serious injury to each individual Plaintiff when used as recommended and directed.

637.   As a direct and proximate result of Defendants' breach of warranty, Plaintiffs have suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## SEVENTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY

638.   Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

639.   At the time Defendants designed, manufactured, marketed, sold, and distributed

Just For Men® for use by Plaintiffs, Defendants knew of the use Just For Men® was intended for and impliedly warranted the product to be of merchantable quality and safe for such use and that its design, manufacture, labeling and marketing were sufficient.

640.    Plaintiffs each individually and reasonably relied upon the skill and judgment of Defendants as to whether Just For Men® was of merchantable quality and safe for its intended use and upon Defendants' implied warranty as to such matters.

641.    Contrary to such implied warranty, the Just For Men® was not of merchantable quality or safe for its intended use, because the product was unreasonably dangerous and defective as described above.

642.    As a direct and proximate result of Defendants' breach of warranty, Plaintiffs have individually suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION
## NEGLIGENT REPRESENTATION AND FRAUD

643.    Plaintiffs incorporate by reference each and every paragraph of this Complaint as if fully set forth herein and further alleges as follows:

644.    As set forth in this Complaint, Defendants made multiple material representations concerning the safety and effectiveness of Just for Men ® hair dye, and minimized and downplayed those risks they chose to disclose.

645.    These material misrepresentations made by Defendants are false as evidenced by the extreme number of adverse reactions to their Just For Men® products by consumers including but not limited to Plaintiffs.

116

646.     When Defendants made these material representations, they knew that they were false, and Defendants made the material representations recklessly without any knowledge of their truth and a positive assertion.

647.     Defendants had actual knowledge based upon studies, published reports and clinical experience that its product, Just For Men® created an unreasonable risk of serious bodily injury yet Defendants negligently misrepresented to Plaintiffs that its hair dyes were safe and met all applicable design and manufacturing requirements.

648.     Defendants made these false, material representations with the intention of inducing buyers, including Plaintiffs, to act by purchasing the Just For Men® by appealing to the buyers' desire to improve their appearance.

649.     Each individual Plaintiff acted in justifiable reliance on these material representations made by the Defendants in that he purchased Just For Men® specifically under the belief that they would provide the claimed cosmetic benefits if used in the manner directed by the labeling.

650.     As a direct and proximate result of Defendants' fraudulent and/or negligent actions and omissions, Plaintiffs used Just For Men® and suffered harm, damages and economic loss and will continue to suffer such harm, damages and economic loss in the future.

651.     Defendants' actions and omissions as identified in this Complaint demonstrate a flagrant disregard for human life.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; and for such other and further relief as this Court deems just and proper.

## PRESERVATION CLAIMS

652.     Plaintiffs hereby incorporate by reference all allegations contained in the

preceding paragraphs, as though fully set forth herein.

653.    Many States have recently enacted tort reform statutes with "exclusive remedy" provisions. Courts have yet in full to determine whether these exclusive remedy provisions eliminate or supersede state common law claims and to what extent. If during the pendency of this action this court makes any such determination, Plaintiffs hereby specifically make claim to and preserves any State claim based upon any exclusive remedy provision, under any state law this court may apply, to the extent not already alleged above.

654.    To the extent that Defendants may claim that one or more of Plaintiffs' claims are barred by the applicable statute of limitations, Plaintiffs assert that the statute of limitations is and has been tolled by, inter alia, Plaintiffs' discovery that their injuries were caused by Defendants' defective product and failure to properly and adequately warn of the products' risks, all as more fully set forth in this Complaint, after the injury sustained by Plaintiffs.

## JURY DEMAND

Plaintiffs demand trial by jury on all of the triable issues with this Complaint.

Respectfully submitted,

Roger C. Denton, Esq. (#06182610)
Kristine K. Kraft, Esq. (#6208286)
**SCHLICHTER, BOGARD & DENTON, LLP**
100 South 4th Street, Suite 1200
Saint Louis, MO 63102
314-621-6115
314-621-7151 (fax)
rdenton@uselaws.com
kkraft@uselaws.com

/s/ Richard W. Schulte (*pro hac to be applied for*)
Richard W. Schulte (Ohio Bar #0066031)
WRIGHT & SCHULTE, LLC
865 S. Dixie Dr.
Vandalia, Ohio 45377
Tel: (937) 435-7500
Fax: (937) 435-7511
rschulte@yourlegalhelp.com

*Attorneys for Plaintiffs*

**IN THE CIRCUIT COURT**
**OF THE TWENTIETH JUDICIAL CIRCUIT**
**ST. CLAIR COUNTY, ILLINOIS**

| | |
|---|---|
| Felix Brim, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| vs. | )   Case No. 16L299 |
| | ) |
| COMBE INCORPORATED; COMBE | )   Division No. _____ |
| PRODUCTS, INC.; COMBE | ) |
| LABORATORIES, INC.; and COMBE | ) |
| INTERNATIONAL LTD., | ) |
| | ) |
| *Defendants.* | ) |

FILED
ST. CLAIR COUNTY
JUN 0 9 2016
*Kebelah a. Clerk*
CIRCUIT CLERK
32

**AFFIDAVIT OF ATTORNEY**

I, Kristine K. Kraft, on oath state that I am an attorney of record for Plaintiffs and that

Plaintiffs' demand for damages in this case exceeds the sum of Fifty Thousand Dollars

($50,000.00).

Kristine K. Kraft, Esq. (#6208286)

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) |
| ST. LOUIS CITY | ) |

Subscribed and sworn to before me this ___ day of June, 2016.

ELIZABETH M. CARROLL
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis City
My Commission Expires: November 04, 2016
Commission Number: 12508101

NOTARY PUBLIC

My Commission Expires: 11/4/2016

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number  He L 299

Amount Claimed  In excess of $50,000.00

| | |
|---|---|
| FELIX BRIM, ET AL. | COMBE INCORPORATED;<br><br>COMBE PRODUCTS, INC.;<br><br>COMBE LABORATORIES, INC. AND<br><br>COMBE INTERNATIONAL LTD. |
| **Plaintiff(s)** | **Defendant(s)** |

VS

Classification Prefix _____ **L** _____ Code _____ **01** _____ Nature of Action **Product Liability** _____ Code _____ **13**

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

Pltf. Atty. Roger C. Denton _____ Code  Col 82060  NAME  Combe Incorporated
Address  100 S. 4th Street, Suite 1200
City  St. Louis, MO  63102 _____ Phone 314-621-6115
Add. Pltf. Atty. Kristine K. Kraft _____ Code 208286

The Corporation Trust Company

ADDRESS  Corporation Trust Center

### SUMMONS COPY

1209 Orange Street

To the above named defendant(s)......:

CITY & STATE  Wilmington, DE  19801

☐ A. You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20 ____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

**TO THE OFFICER:**

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ JUN 0 9 2016 _____ 20 ____

KAHALAH A. CLAY

Clerk of Court

**SEAL**

BY DEPUTY: _____ Vickie Dale

DATE OF SERVICE: _____ 20 ____
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |

(d) - (Other service):

```
┌─────────────────────────────────┐
│         SHERIFF'S FEES          │
│                                 │
│ Service and return _____$  │
│ Miles _____ . . . . . . .$__│
│ Total . . . . . . . . . . . . .$__│
│                                 │
│ _____ │
│ Sheriff of _____ County │
└─────────────────────────────────┘
```

_____, Sheriff of _____County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois   )
County of St. Clair   ) S.S.

Case Number _____ 16 L 299 _____

Amount Claimed __In excess of $50,000.00__

| | |
|---|---|
| FELIX BRIM, ET AL. | COMBE INCORPORATED; |
| | COMBE PRODUCTS, INC.; |
| | COMBE LABORATORIES, INC. AND |
| **VS** | COMBE INTERNATIONAL LTD. |
| **Plaintiff(s)** | **Defendant(s)** |

Classification Prefix _____ L _____ Code __01__ Nature of Action __Product Liability__ Code __13__

Pltf. Atty. __Roger C. Denton__ Code __6082610__
Address __100 S. 4th Street, Suite 1200__
City __St. Louis, MO 63102__ Phone __314-621-6115__
Add. Pltf. Atty. __Kristine K. Kraft__ Code __6208286__

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Combe International Ltd.
The Corporation Trust Company
ADDRESS Corporation Trust Center
1209 Orange Street
CITY & STATE Wilmington, DE  19801

### SUMMONS COPY

To the above named defendant(s). . . . . . :

[ ]  A.  You are hereby summoned and required to appear before this court at

_____ (court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

[✓]  B.  You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
    This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 6-9-20 16 _____

**SEAL**

_____
Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - (Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

SHERIFF'S FEES

Service and return _____$
Miles _____ . . . . . . . . . .$_____
Total . . . . . . . . . . . . . . . . . . . . .$_____


Sheriff of _____ County

_____, Sheriff of _____County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois    )
County of St. Clair   ) S.S.

Case Number _Il6L299_

Amount Claimed In excess of $50,000.00

| | |
|---|---|
| FELIX BRIM, ET AL. | COMBE INCORPORATED; |
| | COMBE PRODUCTS, INC.; |
| | COMBE LABORATORIES, INC. AND |
| VS | |
| | COMBE INTERNATIONAL LTD. |
| Plaintiff(s) | Defendant(s) |

Classification Prefix _____L_____ Code _01_ Nature of Action _Product Liability_ Code _13_

Pltf. Atty. Roger C. Denton          Code 0618261b
Address 100 S. 4th Street, Suite 1200
City St. Louis, MO 63102          Phone 314-621-6115
Add. Pltf. Atty. Kristine Kraft          Code 6298786

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Combe Laboratories, Inc.

C.T. Corporation System
ADDRESS 208 South LaSalle Street, Suite 814

### SUMMONS COPY

To the above named defendant(s). . . . . . :

CITY & STATE Chicago, IL  60604

☐ A.  You are hereby summoned and required to appear before this court at
(court location) _____ at _____ M. On _____ 20___
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may
be taken against you for the relief asked in the complaint.

☑ B.  You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto
attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this
summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you
for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with
indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this
summons is applicable this summons may not be served less than three days before the day of appearance. If service
cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 6 -9- 20 16

SEAL

Clerk of Court
BY DEPUTY: _____

DATE OF SERVICE: _____ 20___
(To be inserted by officer on copy left with defendant
or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) · (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) · Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) · (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . .$_____ |
| Total . . . . . . . . . . . . . . . . . . . . .$_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

## CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois ) S.S.
County of St. Clair )

Case Number 16 L 299

Amount Claimed In excess of $50,000.00

| | | |
|---|---|---|
| FELIX BRIM, ET AL. | | COMBE INCORPORATED; |
| | | COMBE PRODUCTS, INC.; |
| | | COMBE LABORATORIES, INC. AND |
| | VS | COMBE INTERNATIONAL LTD. |
| **Plaintiff(s)** | | **Defendant(s)** |

Classification Prefix ____L____ Code __01__ Nature of Action Product Liability Code __13__

Pltf. Atty. Roger C. Denton Code 6018261O
Address 100 S. 4th Street, Suite 1200
City St. Louis, MO 63102 Phone 314-621-6115
Add. Pltf. Atty. Kristine K. Kraft Code 6208286

TO THE SHERIFF: SERVE THIS DEFENDANT AT:
NAME Combe Products, Inc.
The Corporation Trust Company
ADDRESS Corporation Trust Center
1209 Orange Street
CITY & STATE Wilmington, DE 19801

### SUMMONS COPY
To the above named defendant(s)......:

☐ A. You are hereby summoned and required to appear before this court at _____ (court location) _____ at _____ M. On _____ 20____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ B. You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

TO THE OFFICER:
This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ JUN 0 9 2016 _____ 20____

KAHALAH A. CLAY
Clerk of Court

SEAL

BY DEPUTY: _____

DATE OF SERVICE: _____ 20____
(To be inserted by officer on copy left with defendant or other person)

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

| Name of defendant | Date of service |
|---|---|
| | |
| | |
| | |
| | |

(b) - (Individual defendants - abode):
By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

(c) - Corporation defendants):
By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| | | |
| | | |
| | | |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ .........$_____ |
| Total .......................$_____ |
| |
| Sheriff of _____ County |

_____, Sheriff of _____County

_____, Deputy